JUDGE IIARDIN
delivered the opinion of the court:
Harris & Hagan, as attorneys for Farrar Brothers, of the State of Massachusetts, brought and prosecuted to judgment, in the Jefferson court of common pleas, an action against Stephens & Hermes, upon an account for seven hundred and twenty-five dollars and seventy-four cents.
It appears that an execution which was issued on said judgment was returned by the sheriff as satisfied, on the production to him of the following receipt of the plaintiffs:
“Boston, Nov. 7, 1866.
“ Received of Stephens & Hermes the sum of three hundred and sixty-five dollars and thirty-two cents in full of all accounts, errors excepted.
“Farrar Brothers.”
In the meantime, the court, on the motion of said attorneys, Harris & Hagan, ordered “ that the clerk indorse the execution which issued herein that the sher *15 iff shall collect seventy dollars, which is allowed to said attorneys as a reasonable fee for their services, together with the costs of this suit.”
And afterwards, said attorneys moved the court to quash said return, and for an attachment against the sheriff for failing to obey said order of the court; and the defendants in the execution having entered their appearance to the motion, the same was sustained, and the return of the sheriff quashed; and from that judgment Stephens & Hermes have appealed to this court.
The principal question to be determined is, whether the payment to Farrar Brothers had the effect to extinguish the lien of Harris & Hagan on the judgment for a reasonable fee for their services.
The first section of an “ act to amend chapter four, article one, title ‘Attorneys,’ of the Revised Statutes” (Myers’ Supplement, 685), provides, “ that attorneys at law shall have a lien upon any choses in action, account, or other claim or demand put into his or their hands for suit or collection, and upon judgments in actions prosecuted by him or them to recovery, where the judgment is for money, for the amount of any fee which may reasonably have been agreed on by the parties, or, in the absence of such agreement, for a fair and reasonable fee for the services of such attorney.”
The motion to fix the attorneys’ fees was of the class of special proceedings in which no written pleadings are required ; but it is objected for the appellants that it was erroneous to make the order of allowance without notice to them. As the order did not increase the amount originally adjudged against the appellants, but operated to direct the payment of a part of it to Harris & Hagan, instead of Farrar Brothers, it is not certain that the legal lights of the appellants were so affected by the motion as *16 to entitle them to notice; but assuming that they were, it sufficiently appears from the record that the appellants, by their counsel, were before the court by appearance as antagonistic parties, with Harris & Hagan, when the order was made.
As the evidence on which the court is supposed to have acted is not certified in the record, and no exception was taken to the order at the time, the allowance to the attorneys must be regarded as a just and reasonable compensation for their services.
But it is further contended that the statute, in its aspect most favorable to the attorneys, was only operative as between them and their clients, and especially so in this case, as appellants claim to have satisfied the judgment by payment to Farrar Brothers, without sufficient notice of the attorneys’ lien.
As to the construction of the statute, it seems to us, that, to restrict its application to the proceeds of claims after collection, and in the hands of the attorney or collecting officer, or the client, leaving it in the power of the debtor at the end of a litigation which has resulted in a judgment against him to avoid the lien of the attorney by procuring a release from the plaintiff, would materially impair the force of the statute, and often render it useless. But, in our opinion, the statute is more comprehensive in its application, and operates to render the claim in litigation, both before and after judgment, subject to the attorneys’ lien in the hands of the debtor.
If the appellants had discharged their liability by payment or otherwise, without reasonable notice of the attorneys’ claim and lien, we do not doubt that, on well settled principles, such discharge or payment would have protected them; but we regard the institution and prosecution of the suit by the attorneys, in their names as *17 such, as sufficient notice to the appellants of the existence of their claim for a reasonable compensation for their services, which the law secured by* a lien on the subject of the action.
Wherefore, for the reasons indicated, the judgment is affirmed.