CHIEF JUSTICE HARDIN
delivered the opinion or the court.
The appellant, W. W. Cleary, having, as the employed attorney of A. O. Robertson, successfully prosecuted an action against the appellees, J. D. Shutt and W. W. Trimble, upon an attachment bond executed by them to secure to Robertson the damage occasioned by the wrongful suing out of an attachment against his property, Robertson assigned to Cleary one hundred and fifty dollars of his judgment as his fee for prosecuting the suit; and Cleary thereupon moved the court to adjudge to him a lien on the judgment, under the act approved January 26, 1866 (Myers’s Supplement, p. 685). The appellees resisted the motion because of a judgment which Shutt had previously recovered in the same court against Robertson for a larger amount than that of Robertson’s against him; and they at the same time moved the court, in effect, to set off one of said judgments against the other, under section 407 of the Civil Code of Practice, thus discharging the judgment of *661 Robertson and excluding tbe claim and asserted lien of Cleary. On tbe hearing of both motions the latter was sustained by the court, and an order rendered setting off the two judgments accordingly, and from that order Robertson and Cleary have appealed to this court.
The first section of the act of January, 1866 (supra), is as follows: “ That attorneys at law shall have a lien upon any choses in action, account, or other claim or demand put into his or their hands for suit or collection, and upon judgments in actions prosecuted by him or them to recovery, where the judgment is for money, for the amount of any fee which may reasonably have been agreed on by the parties, or, in the absence of such agreement, for a fair and reasonable fee for the services of such attorney.”
This enactment has heretofore been the. subject of construction in this court, and in the case of Stephens & Hermes v. Farrar Brothers (4 Bush, 13) it was held as operating “to render the claim in litigation, both before and after judgment, subject to the attorney’s lien in the hands of the debtor.” Adhering as we do to this fair and reasonable interpretation of the statute, and looking to its manifest twofold object of protecting the rights of attorneys and at the same time enabling insolvent or indigent litigants in a certain class of cases to obtain the services of competent lawyers, we are of the opinion that the lien of Cleary attached to the claim of Robertson at the commencement of its prosecution by him, and when in its unliquidated state it was not subject to be set off against the judgment of Shutt; and the lien of the attorney being thus fixed, as an incident of his continuing service, was not liable to be overreached by the subsequently - acquired rights of set-off in Shutt under section 407 of the Civil Code, which in terms requires that orders of set-off under it shall be made with “ due regard to the legal and equitable rights of all persons interested in both judgments.”
*662 "We do not doubt that in an action which is subject to be defeated by a plea of set-off, and which is so barred, the attorney’s claim for services must, like the plaintiff’s demand, yield to the set-off as it would to any other available defense to the action. But the judgment of Shutt was not relied on as a set-off in the defense of Robertson’s suit for damages, and we apprehénd could not have been. There was therefore no available equity in Shutt as against the claim of Robertson, and' certainly none as against that of his attorney, until by means of the services of the latter — perhaps rendered on the faith of his lien already acquired — Robertson’s claim had matured in the judgment sought to be set off by that of Shutt against him. These considerations, as well as the obvious objects and purposes of the statute conferring the attorney’s lien, seem to us to render it apparent that the cases cited in the ingenious and plausible argument for the appellees, and other authorities which might have been cited as illustrative of the doctrine of equitable set-offs as against assignees and other claimants by substitution, are not applicable to this case.
It is insisted, however, for the appellees that the judgment should be affirmed in any event, because Cleary introduced no proof of the value of his services; but besides the admitted adjustment of his claim at the sum of one hundred and fifty dollars by Robertson, which is not shown to have been fraudulent or excessive, the court certainly had before it the record and papers of the suit, which must to a great extent have shown the nature and value of the services which had been rendered by Cleary in the prosecution of the action.
We are of the opinion that the motion' of Cleary should have been sustained, and the order of set-off only made subject to his prior claim and lien upon the judgment.
Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.