*W. O. & J. L. Dodd, for appellant. L. McQuown, for appellee.*

---

REID & STONE *v.* PAT PUNCH.

[Abstract Kentucky Law Reporter, Vol. 2—62.]

**Lien of Attorneys.**

A claim in litigation both before and after judgment is subject to an attorney's lien in the hands of the debtor, and such a lien cannot be defeated by the defendant paying the amount of the judgment to the plaintiff.

**Amount of Attorney's Fee.**

Where no amount is agreed upon as the fee of an attorney he is entitled to a reasonable fee.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

December 11, 1880.

OPINION BY JUDGE HARGIS:

Boyd held a senior mortgage for $500 and the appellee a junior mortgage for $800, on the same house and lot. The former instituted suit to foreclose his mortgage and the latter employed the ap-

pellants, Reid and Stone, to file his answer and cross-petition for the subjection of the house and lot to the satisfaction of his claim also. Judgment was rendered for the amount of their respective debts, and the sale of the property to pay them in the order of priority.

The appellee became the purchaser and executed bonds with surety for the amount of Boyd's judgment, a lien being reserved in the bonds on the land till their payment, but did not execute any bond for the remainder of his bid, amounting to $421.85, because he was the owner of the judgment to which it was applied.

The appellants moved the court to allow them $50 for their services, and to endorse the same as a lien on the judgment in favor of appellee and the house and lot purchased by him. This motion was overruled, and from this order they prosecute this appeal. The amendment to Chap. 4, Art. 1, Revised Statutes, found in Myers' Supp., 685, gave to attorneys a lien upon judgments for money in actions prosecuted by them to recovery.

In construing the amendment this court held in *Stephens v. Farrar,* 4 Bush 13, that it operated to render the claim in litigation both before and after judgment subject to the attorney's lien in the hands of the debtor; and that an attorney's lien could not be defeated by the defendant who satisfies the judgment by paying its amount to the plaintiff and taking his receipt for it.

In the light of this decision, construing the statute as it then stood, it appears that the lien on a judgment attached to the claim and reached the subject out of which the judgment on it should be realized, giving to the attorney control of the judgment to the extent of his fee in exclusion of his client and ungoverned by the defendant.

Section 15, Art. 1, Chap. 5, of the General Statute, provides, in substance, among other classes of claims and demands, that in any action, whether employed by plaintiff or defendant, which is prosecuted by an attorney or attorneys to recovery, they shall have a lien upon the judgment for money or property, either personal or real, which may be recovered in said action for the amount of an agreed or reasonable fee for their services.

By this section the attorney's lien was widened so as to embrace judgments not only for money, but for personal or real property. Under the former statute mentioned the plaintiff could not defeat the attorney's lien by receiving the money on his judgment. Now, can he, under the present statute, defeat a lien on a judgment for

money and a sale of real property on which the judgment is a lien, by becoming himself the purchaser and receiving the property without paying the purchase-money?

The requisites necessary to give to an attorney a lien under the clause of the section above cited are: 1. That he shall be employed in an action; 2. And that he shall prosecute it to recovery. Both of these things have been done in this case.

On what, then, does the attorney's lien rest? It is primarily upon the judgment, either for money or property, whether the property be personal or real. Thus, the statute fixes the character of judgments on which the lien exists. While the lien was limited to judgments for money we have seen the money could not be divested from the payment of the lien. Since it has been extended for judgments for personal or real property we think the property should be subjected also to the lien. The lien is on the judgment and embraces its incidents. The judgment is the vehicle through which all the liens attached to it reach the subject out of which the judgment can be satisfied and the liens discharged.

The spirit of the statute is not to give a lien in form upon the judgment which would amount to nothing more than a "naked ideality," if clients were permitted to become possessed of the fruits of the judgment without paying the laborer his hire, but to reach the money and property subject to the judgment and thus vitalize the lien and give it substance on which to survive.

The attorney with a lien has an interest in the judgment, and before inferior lienholders are satisfied he must be paid out of the property subject to the judgment, by the recovery of which he entitles himself to a part of his client's claim, equal to the sum of his fee, together with the securities and property in lien for its payment. His fee represents so much of his client's claim, and as between him and his client his rights are superior by reason of the statute; but as against others he takes no greater interest than the client had.

The judgment of Boyd is a superior lien upon the property until his debt shall be paid, and the appellee's lien would have remained upon the property until his part of the purchase-money had been paid, if another had purchased. In that case the attorney's lien would have been superior to his. The appellant's lien, after they recovered the judgment, belonged to them as much and was as distinct as Boyd's lien, and the appellee could not, by collecting the

money, if another had purchased, nor by possessing himself of the property under his own bid, destroy their lien upon the property.

Before he can keep the property and enjoy the results of the labor of his attorneys he must pay them a reasonable fee for their services, no amount being agreed upon between them.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Reid & Stone, for appellants.    O. S. Tenny, for appellee.*