CASE 84—ACTION BY ADMINISTRATOR TO SETTLE ESTATE OF HIS INTES-
TATE—JANUARY 10.

# Whitlow's Admr. v. Whitlow's Admr.

109    573
d128   598

### APPEAL FROM WARREN CIRCUIT COURT.

JUDGMENT AFFIRMED.

WITNESSES—TRANSACTION WITH PERSON SINCE DECEASED—ATTORNEY
AND CLIENT—CONTINGENT FEE—CONSTRUCTION OF CONTRACT AS TO
EXPENSES.

Held:  1. To render a person incompetent to testify as to a transac-
tion with a person since deceased, it is not necessary that he
should be a party to the litigation, it being sufficient that he
would have to reimburse the person for whom he offers to tes-
tify if the decision should be against him.
2. Where a contract with an attorney for a contingent fee provides
that, in the event of recovery, the "necessary expenses" of the
attorney are to be first paid, and his fee to be estimated on the
balance, the fees of assistant counsel employed by the attorney
can not be deducted as "necessary expenses."

PROCTOR & HERDMAN, JOHN W. RAY, AND WRIGHT & McEL-
ROY, ATTORNEYS FOR APPELLANT.

The agreed compensation was for the personal services of Proctor.
The other counsel was employed with the knowledge of and
without objection from either administrator and by the express
contract of one.  Their services were valuable and were accept-
ed, and the beneficiary wants the benefit of such service with-
out paying for it.  Our position is that the fees of the gentlemen
should be borne equally by Proctor and the plaintiff in the ac-
tion—that is, that it should be paid out of the fund recovered,
and then Proctor's fee fixed as per contract out of the balance
of the fund.

JOHN M. GALLOWAY, ATTORNEY FOR APPELLEES.

1. The contract between Proctor and the administrator was a writ-
ten one, and recites that Proctor is employed to prosecute suit
against the L. & N. R. R. Co. for the killing of his son in Ten-
nessee, Proctor to have absolute control of the case and to have
one-third of the sum collected on judgment of the War-

ren Circuit Court, and if suit was filed and pros-
ecuted in Tennessee, or was taken to the Ken-
tucky Court of Appeals, one-half of the sum recovered, Proctor's
necessary expenses to be first paid out of said fund.

2. There is nothing in this contract which authorized Proctor to em-
ploy attorneys to aid him at the expense of the estate, and such
power can not be presumed or found by implication.

3. Proctor's evidence as to transactions or conversations had be-
tween him and Whitlow's administrator, who was then dead,
was incompetent, and was properly excluded by the lower court.
McDonald v. Same, 96 Ky., 209; Apperson's Exr. v. Exchange
Bank of Kentucky, 10 Ky. Law Rep., 943; Hopkins' Admr. v. Fal-
ber, &c., 86 Ky., 223.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

One T. P. Whitlow sustained personal injury on the
Louisville & Nashville Railroad, in Tennessee, prior to
November, 1889, he being then a minor, and in the employ
of the railroad company. From this injury he died. His
father, Wyatt Whitlow, who claimed to inherit as sole
heir at law of the deceased son, and who qualified as his
administrator in Kentucky, contracted with B. F. Proc-
tor, an attorney at law, to take charge of and prosecute
the claim against the railroad company for damages re-
sulting from the injury and death of the son. This con-
tract, which was dated November 20, 1889, provided that
Proctor was to have a sum equal to one-third of the re-
covery if the claim was compromised, or if suit was in-
stituted and successfully prosecuted in the circuit court
of Warren county, Ky.; but if suit on the claim were re-
quired to be and was instituted in Tennessee, or if in
Kentucky and appealed, then the attorney was to receive
a sum equal to one-half of the recovery; and all compen-
sation was contingent upon success. The contract further
provided: "In event of recovery, the necessary expenses
of said Proctor incurred in this behalf are to be first paid,
and his fee is to be estimated on the balance, being equal

to one-third or one-half of such balance as aforesaid."
Under this contract Proctor instituted an action on be-
half of Wyatt Whitlow, as administrator of T. P. Whitlow,
against the Louisville & Nashville Railroad Company in
the Warren Circuit Court of Kentucky. He employed
Judge R. Rodes to assist him in the prosecution of the
case, who did participate in the trials below. The trials
there finally resulted in a verdict and judgment for $2,000
in favor of Whitlow, administrator, against the railroad
company. From this judgment the railroad company pros-
ecuted an appeal to the superior court, and superseded
the judgment. This appeal being dismissed, with damages,
the railroad company then prosecuted an appeal to this
court, which was affirmed. Proctor retained as assistants
in the superior court and this court in that case Mr. E.
W. Hines, of the Frankfort bar, and subsequently, in the
matter of appeal in this court, Judge W. S. Pryor. To
these three attorneys Proctor agreed to pay, and did pay,
a sum aggregating $400 for their services named. The
railroad company paid Proctor, as attorney for the ad-
ministrator, the full amount of this judgment, damages
and costs, aggregating some $3,206.76. In the meantime
Wyatt Whitlow had died, and L. R. Porter was appointed
and qualified as administrator *de bonis non* of T. P. Whit-
low, deceased, and C. G. Jones and George Franklin ap-
pear to have qualified as administrators of Wyatt Whit-
low. This action seems to have been instituted in the
Warren Circuit Court for the purpose of settling the es-
tate of Wyatt Whitlow, and was referred to the com-
missioner for the purpose of settling with L. R. Porter as
administrator *de bonis non* of T. P. Whitlow, Proctor ap-
pearing to have paid over to Porter the sums received by
him on this claim from the railroad company. The com-

missioner charged Porter with total amount paid above
stated, and credited him by various items of costs and
expenses incurred in the prosecution of the suit against
the railroad company, including the fees of $400 to attor-
neys above named. To this report of settlement Jones and
Franklin, as administrators of Wyatt Whitlow, filed ex-
ceptions as to payment of the $400 fees, and their allow-
ance as credits to the administrator. The result of this
was to require the payment of one half of these fees by
Wyatt Whitlow's estate. The trial resulted in a judg-
ment sustaining the exceptions, and directing L. R. Porter,
as administrator of T. P. Whitlow, to pay to the court's
commissioner the balance in his hands as shown by the
settlement, and in addition the sum of $200, the one-half
of the fees paid to Rodes, Hines and Pryor. The court
furthermore adjudged upon the issue as to whether the
fund coming from Porter, administrator, belonged to Wy-
att Whitlow's estate, or to Nancy, his wife, that it all be-
longed to Wyatt Whitlow's estate. The correctness of
this last feature of the judgment is not now here for con-
sideration, the sole questions presented on this appeal be-
ing whether the estate of Wyatt Whitlow is entitled to
the money it was required to pay to Attorneys Pryor,
Rodes and Hines, or whether the administrator should
be credited by such payment as having been properly made
under the authority of the contract with Proctor. Inci-
dental to the determination of this question, the court is
required to pass upon the competency of the testimony
of Mr. B. F. Proctor concerning the alleged understanding
between him and the decedent, Wyatt Whitlow, as to
their sharing in the payment of the fees to the attorneys
named. It is asserted by Proctor that he and Wyatt Whit-
low agreed, subsequent to the written contract in evidence,

that it was necessary to retain additional counsel in the prosecution of the claim, and that fees to be paid them were to be borne equally by Proctor and Whitlow. On the trial of the exceptions, Proctor attempted to testify to this oral transaction with decedent, Wyatt Whitlow, which was objected to by appellees, and the objection was sustained, to which appellant excepted.

Under section 606, subsection 2, Civil Code Practice, it is provided that "no person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done, or omitted to be done by, one who is . . . dead when the testimony is offered to be given," etc. It is contended that inasmuch as Proctor was not a party to this litigation, the provision of the Code above did not apply. We are of the opinion that the court below ruled properly in rejecting this testimony. This court, in an opinion delivered by Chief Justice Pryor in Hopkins' Adm'r v. Faeber, 86 Ky., 223, (5 S. W., 749), wherein this question was involved, said: "The fact that the personal representative or the trustee may have an interest in the recovery does not affect the question involved, or make those interested with him competent witnesses. . . . In testifying in this case the witness was testifying for herself against the estate of the decedent, and her testimony controlled the extent of the recovery." The same rule of construction is announced in the case of Apperson's Ex'x v. Bank (Ky.), (10 S. W., 801). The court, in considering the section, said: "While we do not think it was intended to limit the application of that section to the testimony of a person a party to, and directly interested in, the result of a suit with a representative of one who is dead, yet, to render such testimony incompetent,

it must appear that it will have the effect of directly or indirectly benefiting the person giving it pecuniarily." In this case Proctor collected the money from the railroad company, and paid part, or $400, of it to the attorneys named, and, after paying other expenses incident to the suit, deducted his fee of one-half of the remainder. There, fore, unless his testimony should prevail he would be compelled to reimburse the administrator by the amount thus paid the other attorneys named. We conclude that he was incompetent as a witness concerning this particular transaction with decedent.

This leaves, then, but one question to be determined on this appeal, and that is whether the part of the contract quoted above authorized the expenditure as "expenses" to the assisting attorneys. Unless the words, "the necessary expenses of said Proctor incurred in this behalf," include such items, then they are not provided for in the contract. It will be noticed that the decedent was contracting for such legal services as were probably necessary to recover on his claim against the railroad company, and it must be admitted that he made a liberal provision in this respect. The contract does not intimate that additional counsel would be required, but anticipates other expenses, for traveling and such items, as the contract contemplates that the action might have to be brought in Tennessee, or, if instituted in Kentucky, might have to be followed or taken to the court of appeals. The fact that Wyatt Whitlow was present at the trial when Rodes participated, and made no objection to his so acting, is not a sufficient circumstance from which to draw a conclusion that he knew he was to pay for Rodes' services. It is just as reasonable to presume that he expected Proctor to furnish all legal services needed under his contract,

and that he had made some arrangement with his co-counsel; and this assumption is borne out by the testimony of Rodes, who says that his contract was with Proctor alone, and that Proctor settled with him the fee. It follows from the foregoing that the judgment must be affirmed, which is done, with damages.