### Edwards et al. v. Lee.

(Decided June 23, 1933.)

JOHN B. RODES, MAX B. HARLIN, G. H. HERDMAN and LOGAN & LOGAN for appellants.

J. WOOD VANCE and JOHN E. RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This appeal challenges the correctness of a judgment fixing the boundary line between the land of appellants and the land of appellee.

Two lines are involved, one extending southward for a distance of 115 poles from a chestnut, which is a fixed object, and one running practically east and west from the terminus of the first line. The deeds through which appellants and appellee claim formerly called for a post oak and hickory as the corner of the two lines, but these trees are no longer standing. Formerly there was an old rail fence running from a point north of the chestnut tree and extending south between the lands in controversy. This fence corresponded with the deed calls north of the chestnut, and there was considerable evidence that the fence south of that point was recognized by the former owners as the dividing line, but, in view of the fact that the fence was crooked and had been changed, and of the further fact that it was conceded that a stone had been placed at the corner between the two lines in controversy, the chancellor held that the fence was not on the dividing line, and proceeded to determine the location of the stone. There is a road between the two tracts, and appellee claimed that the corner stone was located on the west side of

the road. On the other hand, appellant contended that the stone was located at a point about 20 feet east of the east edge of the road. Numerous witnesses testified on the question. Appellee's witnesses not only stated that the stone was on the west side of the road, but that the post oak and hickory, the original corner, was located on the same side of the road. On the other hand, several witnesses testified that the stone was located from 5 to 20 feet from the east edge of the road. After stating the question for decision, and giving an accurate summary of the evidence of each of the principal witnesses on each side, the chancellor stated his conclusions in the following language:

"Analyzing the evidence carefully on both sides, it seems to me that no two witnesses testify alike as to the location of the corner. Mr. Edwards frankly says he does not know exactly where it is, while Mr. Lee just as frankly says he never saw the post oak and hickory pointer on the west side of the road. It is not amazing that the numerous witnesses differ as to this corner. There are many trees and stones in the woods, and evidently all of these witnesses were not talking about the same trees and stones. The court agrees with the surveyors that this corner cannot be located by running a line from the chestnut along the old rail fence south 115 poles, because the rail fence zigzags and there is considerable doubt as to whether it was ever the true line. Also, the court can give no weight to the circumstances of finding a stone in Pate Lee's field that resembles the cornerstone. Nobody could identify this stone positively as being the cornerstone. Mr. Edwards and Mr. Lee came much nearer agreeing as to where this corner is than did the witnesses testifying on each side. After a careful and thorough consideration of all the evidence, the court is of the opinion that Mr. Lee comes nearer than any other person testifying in the case as to the exact location of this cornerstone, when he says it was on the east side of the road right in the edge of the road. This is what he told Mr. Bush. Therefore, the court establishes this corner between Edwards and Lee as being in the east edge of the road two poles and 11½ feet south of Lee's wire fence, running east and west. From this point a straight line will be run north-

wardly to the chestnut tree and this will constitute the true line between the Edwards and Lee farms.''

Appellants insist that the decided weight of the evidence was to the effect that the corner stone was located at a point 20 feet east of the east edge of the road, and that the chancellor erred not only in placing it on the edge of the road, but in placing it too far south. As the deeds called for a 115-pole line running south from the chestnut, and there was no fixed object at the end of that line, and the exact location of the stone was uncertain, it is apparent that the chancellor adopted the only practical method when he fixed the location at a point 115 poles south of the chestnut. The only other question is whether he properly located the stone on the east edge of the road instead of at a point 20 feet therefrom. As before stated, there was considerable evidence that both the old rail fence, which was on the west side of the road, was the dividing line, and that the post oak and hickory, the original corner, was also on the west side of the road. In view of this evidence and the further evidence that the old rail fence corresponded with the deed calls north of the chestnut, and was recognized by the former owners as the dividing line, the chancellor would not have gone far afield if he had located the stone on the west side of the road. Instead of doing this, he located the stone on the east edge of the road at a point where Lee said it was located, and very near where Edwards claimed that it was located. In view of the conflict in the evidence and of the fact that the witnesses were testifying as to the location of the corner stone years after it had been removed, we conclude that the chancellor did the best that could be done in the circumstances. At most the case is one where, upon consideration of the whole record, the mind is left in such doubt that the chancellor's finding of fact will not be disturbed. Richard Ritter, Inc., v. Morris Hess & Co., 211 Ky. 730, 277 S. W. 1016.

Judgment affirmed.

Whole court sitting except Richardson, J.