## Snyder v. Howard's Adm'x et al.

(Decided Oct. 20, 1933.)

(As Modified on Denial of Rehearing Dec. 15, 1933.)

J. B. SNYDER, MORRIS & JONES and H. H. FUSON for appellant.

E. H. JOHNSON for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

The Wallins Creek Collieries Company failed to pay a number of miners for their work. Their claims amounted to $17,877.46. These miners employed J. B.

Snyder as their attorney to collect their claims, and he filed two actions against the collieries company, in which judgment was rendered in favor of the plaintiffs. The company appealed to this court with supersedeas. The appeal was dismissed. Thereupon suit was filed against the Maryland Casualty Company, the surety on the appeal bond, to recover the debt and 10 per cent. damages, and judgment was entered against the surety on the bond. The surety paid the judgment to J. B. Snyder as attorney. Snyder had a contract with each of his clients by which it was agreed as follows:

"That said Snyder is to have a fee equal to 50% of the amount recovered if the matter is tried in court."

The money had been due the miners for about four years when the action against the collieries company was brought, and after judgment was rendered in their favor against the company 88.7 per cent. of them sold their claims to C. M. Howard and J. R. Wiler, who discounted them 6 per cent. on the face value without interest. When they had bought one claim and before they bought others they went to see Snyder, who was the attorney for the miners, and, as they say, made a contract with him by which they were to pay him 5 per cent. of their profit on the claims and he was to go on and collect the money. When Snyder collected the money from the surety company, he retained 50 per cent. of it for his services and paid over to Howard and Wiler their 88.7 per cent. of the other half of the fund. But he did not pay to them any part of the 10 per cent. damages recovered on the appeal, amounting to $2,-314.81. They brought this action against him to recover their part—88.7 per cent. of this money, being $1,026.61. He filed answer and counterclaim. On the trial before a jury, there was a verdict and judgment in favor of the plaintiffs for $1,026.51, subject to a credit of $453.33. From this judgment Snyder appeals, and the plaintiffs prosecute a cross-appeal.

■ ▪ Snyder filed a special demurrer to the petition, on the ground that there was a defect of parties, in that the miners who had sold their claims to the plaintiffs were not parties to the action. The court properly overruled this special demurrer. This was not a suit upon the judgment which the miners had obtained

against the coal company. This was a suit of the plaintiffs against Snyder to make him account for money which he had collected as their attorney under a contract that they would pay him 5 per cent. of the net profits they made in the transaction. The case would not be different if A had an open account against B and assigned it to C and C put it in the hands of Snyder for collection and then had brought a suit against Snyder to make him account for the money which he had collected.

■ The defendant filed also a general demurrer to the petition on the ground that the 10 per cent. collected on the supersedeas bond was not collected upon the original judgments which had been assigned to plaintiffs, and it is insisted that Snyder was not responsible to them for this money. By the written contract signed by each of the miners and drawn up with Snyder's approval, he was directed to pay to plaintiffs "all funds that may be due or may become due to me as a party plaintiff," in the suits referred to which Snyder had brought. If the miners had continued to own the claim very clearly Snyder would have had to account to them for the 10 per cent., and by the assignment every right that the assignors had to an accounting from Snyder was vested in the assignees, and this he agreed to. Snyder was entitled to his share of the 10 per cent. damages under his contract for a fee equal to 50 per cent. of the recovery. His recovery, as is well settled, is the amount received by the client by reason of the judgment. Whitlow's Adm'r v. Whitlow's Adm'r, 109 Ky. 573, 60 S. W. 182, 22 Ky. Law Rep. 1179; Woolridge v. Bradbury, 185 Ky. 587, 215 S. W. 406. If Snyder under his contract was entitled to 50 per cent. of this money, very clearly his original clients were entitled to the other 50 per cent., and the plaintiffs by their assignment took every right that their assignors had.

■ As to the instructions to the jury. The plaintiffs by their petition sought to recover their part of the 10 per cent. penalty on the supersedeas which, as admitted on the trial, was $2,314.81, and their part of one-half of this was $1,026.51. By their amended petition, they admitted that their half of the 10 per cent. penalty was to be credited by 5 per cent. of the profits which they had made on the transaction, but averred that until it was decided whether they were entitled to·

any part of the penalty, they were unable to determine what 5 per cent. of the profits amounted to. Snyder pleaded as a counterclaim expenses he had incurred in employing other lawyers and certain other expenses he had been compelled to incur in and during the prosecution of the litigation, and prayed judgment against the plaintiffs. At the conclusion of the trial, he asked the court to give instructions A, B, and C, which were refused by the court. The court gave then to the jury instructions 1, 2, 3, and 4. Instructions 1 and 2 submitted plaintiffs' case as set out in the petition. Instruction 3 set out defendant's counterclaim. Instruction 4 simply told the jury that nine of the jury might find a verdict. In the grounds for a new trial filed by Snyder the only reference to the instructions to the jury is in these words:

"That the court erred in refusing to give a proper instruction to the jury on the defendant's counterclaim to find for the defendant 5% of the profits made by the plaintiffs, not to exceed 5%, while the court erroneously instructed the jury to find for the defendant 5% of the penalty in question."

It will be observed that there was no complaint of the refusal of the court to give instructions A, B, and C which the defendant had asked, and therefore this ruling of the court cannot be complained of here. By instruction 3 the court submitted to the jury the question of the expenses the defendant had incurred in employing other lawyers or for his other expenses in the matters. This instruction was given as a substitute for instructions A, B, and C asked by the defendant, and covered all the matters referred to in those instructions. By it the court limited the amount which the jury could find for the defendant because of expenses incurred in and during the prosecution of the litigation to other expenses than the fees paid out to other counsel employed to assist the defendant to the sum of $300.85.

It is true that instruction No. 2 is open to the criticism leveled at it by the defendant. The court had by instruction No. 1 told the jury that the plaintiffs were entitled to the one-half of the 10 per cent. penalty for which this suit was brought. By instruction No. 2, the court told the jury to credit this one-half of the 10 per cent. penalty by 5 per cent. thereof, or $55.33. This was error. The credit which the plaintiffs conceded by

their amended petition was 5 per cent. of the profits of the transaction, the exact amount of which they were unable to state until their right to half of the 10 per cent. penalty was determined. In the proof, this 5 per cent. of the profits varied from a minimum of $112 to a maximum of $150, depending on which witnesses the jury thought had better knowledge of the matter. It will be recalled that the jury in their verdict gave the defendant a credit of $453.33. This credit, under the proof in this case, could not possibly have been arrived at save by the jury allowing the defendant the expenses claimed by him outside of the attorneys' fees he had paid and the 5 per cent. of the profits of the transaction conceded him by the plaintiffs. The maximum of both of these items, the sum of $300.85 and $150, is $450.85, and this is substantially the credit allowed by the jury. Hence, though instruction No. 2 was technically erroneous, it was not prejudicial to the defendant. By the credit allowed him by the jury, he got all the profits of the transaction to which he was entitled and all the items of expense, save attorneys' fees as limited in amount by the court, and of which limit in the instruction no complaint was made by the defendant. The court properly instructed the jury that Snyder could not recover on his counterclaim for what he had paid other lawyers, unless the plaintiffs had agreed to pay these expenses or to be responsible therefor. The jury by its verdict found that they did not agree to be responsible for these other attorneys' fees, and the rule is well settled that where a lawyer takes a case on a conditional fee he cannot employ other counsel and charge this to his client without the client's consent.

The rule is that a peremptory instruction is not proper where there is any evidence sustaining the party on whom rests the burden of proof. The facts shown by the proof were as above stated. The evidence on the claim of the plaintiffs and the claim of the defendant on his counterclaim was sufficient to take the case to the jury. The defendant's motion for a peremptory instruction to the jury was properly overruled.

It is insisted in the brief for appellant that the court erred in placing the burden of proof upon the plaintiffs, but the record shows no objection to this. It is also insisted that the court erred in his rulings on the testimony of J. C. Jones, a witness for the defendant.

But this ruling was clearly not prejudicial to the defendant, for the real facts were all gotten fully before the jury.

Appellees have taken out a cross-appeal. But they filed no motion for a new trial and filed no grounds for a new trial, and cannot complain in this court of the judgment.

Judgment affirmed on the original and on the cross-appeal.