## Richardson v. Lee's Adm'r.

May 26, 1939.

RICHARD PRIEST DIETZMAN for appellant.

B. M. VINCENT, RODES K. MYERS and HOWELL W. VINCENT for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing. ·

The matter for our consideration involves the lower court's rejection of a claim for attorney's fee in litigating through a series of cases which have been in this court several times. Edwards v. Lee, 230 Ky. 375, 19 S. W. (2d) 992; Edwards v. Sims, 232 Ky. 791, 24 S. W. (2d) 619; Edwards v. Lee, 250 Ky. 166, 61 S. W. (2d) 1049; Edwards v. Lee's Adm'r, 265 Ky. 418, 96 S. W. (2d) 1028.

It is not necessary to state the facts or procedure had in the cases cited supra, since a history of the litigation involved in these, and two prior preliminary cases are set out in the Edwards v. Lee case last above mentioned. In the Edwards suits Mr. Lee had formerly employed Messrs. Vance and Williams to represent him. The attorney in the prior Lee cases had for some reason dropped out of that litigation. In the contract which is filed, the fee agreed upon between Mr. Lee and counsel was to be an amount equal to one-third of what might be recovered from Edwards in the way of damages for trespass. This suit resulted in a finding, in a measure, in favor of Lee. Edwards appealed, but this appeal was dismissed on technical grounds.

During the pendency of this suit in the lower court, J. Lewis Williams, of Mr. Lee's counsel died, and appellant was substituted for Mr. Williams, under the agreement then existing between Lee, Vance and Williams, except that appellant agreed to pay to the personal representative of deceased an amount equal to five per cent of the amount recovered in the Edwards' trespass suit.

The case progressed in the manner set out in the last Edwards' case, supra. On June 23, 1937, appellant filed in the circuit court in that case, his motion for additional allowance from the proceeds in the hands of Mr. Lee's administrator, and in his motion he sets out the fact that he was employed by Mr. Lee on August 25, 1928, upon the terms stated, and his agreement to pay the Williams' estate an amount equal to five per cent of the recovery, he and Vance to share equally the balance

of the fee to be paid by Lee. It is stated that Lee's administrator has paid the fee in part only.

It is averred that on October 1, 1929, more than a year after appellant's employment, Lee executed a written contract agreeing to pay to appellant the five per cent of the recovery, which appellant had agreed to pay to Williams' personal representative, "as an additional fee in this action." That the judgment in the last Edwards' case was satisfied by defendant in May, 1937, and that he and co-counsel were paid a sum equal to one-third of the recovery, but that appellee declined to pay the additional five per cent because he doubted the validity of the contract of October 1, 1929. The extra five per cent amounted to $1,716, which appellant alleges he is entitled to recover.

It is alleged in the pleading that when it came time to do the surveying (after the first Edwards' case had been decided) Lee was unable to finance this undertaking and pay costs of depositions, and in order to meet his situation Lee made many unsuccessful efforts to raise funds for said purposes. Later and on the date mentioned "at the special instance and request of F. P. Lee, with the consent and agreement that said additional fee would be paid as herein set forth, this attorney signed said F. P. Lee's note for $1,000 to a certain bank, and thereby obligated himself to pay said sum as surety."

The proceeds from the note were deposited in the discounting bank to appellant's credit, and were withdrawn and used to pay for the surveying and incidental expenses. Appellant alleged that but for his becoming surety on the note, Mr. Lee would have been totally unable to finance his project, and the proof shows this to be true.

Upon this pleading appellant asked that appellee be required to pay him $1,716, with interest from May 29, 1937. As part of his motion he files the agreement between himself and Mrs. Williams, the original Lee contract, and the agreement between himself and Lee for the extra five per cent fee. The original Logan and Vance-Williams' contracts are not in the record.

On the day appellant filed his motion the case in which Lee's judgment had been rendered was redocketed, and by agreement the motion was controverted of record, and the administrator was given until July 5 to

file affirmative plea, if desired, and time was given to take proof.

At this point we may say that the foregoing order seems to answer appellee's contention that the motion should have been stricken, or special demurrer sustained, on the ground that if the pleading be treated as a petition, no summons was served, or if treated as a summary proceeding on motion, as is allowable (Johnston v. Stephens, 206 Ky. 83, 266 S. W. 881), then there was lack of notice. Sections 444-446, Civil Code of Practice. Here, as is shown by the order supra, the appellee entered his appearance by pleading to the motion or petition, and was allowed further time for pleas and proof. Under the circumstances summons and notice were waived.

Resuming the pleadings: Appellee filed special demurrer to the pleading, on the ground that appellant had not complied with such of our laws as required presentation and verification of claims against the estate of a decedent. The special demurrer was overruled and appellee responded, alleging that the contract of Lee, Vance and Williams had been superseded by the later (1928) contract, and that under the latter there was no obligation to Williams' estate, and that his agreement to pay Williams' personal representative was without consideration and bound neither appellant nor Mr. Lee, hence the alleged contract was totally without consideration and void.

In a second paragraph, appellee pleads that the contract of 1928 had been fully met by payment of all due thereunder, and he relies on the plea of satisfaction in bar. There was later plead an agreement between appellant and appellee as to the method of payment in case of judgment favorable to appellant. All affirmative allegations of appellee's response were denied in the way of a reply. The issues thus formed, proof was taken and the cause being submitted on proof, pleadings and exhibits, the court adjudged "that the motion for an allowance of an attorney's fee to John E. Richardson in the sum of $1,716.00 is dismissed;" appellant excepting was granted an appeal.

There is little or no dispute between the parties as to facts. The gross amount recovered finally to the Lee estate was $35,397; according to appellee's figures this gross was reduced to $32,097, by payments made by the

administrator, $1,000 to counsel not involved in this litigation, but who assisted the Lee contenders, and $2,300 paid to the bank which held the original note, plus some additional sums. It is agreed that appellant did not pay any part of the note upon which he was surety for Mr. Lee.

On the plea of satisfaction under the contract, appellee suggested that the exact gross of the Lee estate, and the net, were as above stated; and that there was legally due to the attorneys under the 1928 contract, $10,699. That if the 5% contract be valid, appellant is entitled to an additional $1,604.85. It is argued that the attorneys were paid $1,550 by the administrator, but which the attorneys say, and the proof shows, was for services rendered in the case involving title rights, and had nothing to do with the recovery of damages suit. This $1,550 was divided between the two counsel, with a proportionate part to Mrs. Williams.

If the five per cent contract is valid, counsel would be entitled to $12,303.85, based on the net above stated, and if the additional five per cent is allowed, then the fees would total $13,184.85, and since they have been paid, $13,349. What appellees have done is to take into the net or gross amount the fee paid in the Lee v. Lee litigation.

As we look to the contracts, the fee to be allowed was on the amount of the ''recovery'' in the damage suit. Appellee contends that the fee paid to the attorney employed by appellee to assist in the prosecution of the case, and the amount paid to the bank in satisfaction of Mr. Lee's note, should be deducted before reaching the amount to be paid counsel. Under no circumstances should counsel originally employed be called upon to pay assisting counsel, unless the agreement shows a clear intention that such should be deducted from the gross. Snyder v. Howard's Adm'x, 251 Ky. 592, 65 S. W. (2d) 477; Wooldridge v. Bradbury, 185 Ky. 587, 215 S. W. 406.

The amount paid to the bank was an expense properly to be borne by the litigant. It should not be assumed that the attorneys, in the absence of a contract so to do, would be required to help pay the expenses of a survey of the property, and other obligations of Mr. Lee, the nature of which are undisclosed. In the absence of an agreement as to necessary expenses in conducting

litigation, it is presumed that such will be ultimately borne by the litigant, Hampton v. Rosenheim, 92 Misc. 207, 175 N. Y. S. 361.

It is argued that when an attorney deals with a client, and benefits as a result of such dealing, the burden is upon the attorney to establish the adequacy of the consideration, and that the contract is free from fraud. There is no pleading in the case which would lead to a conclusion that the fee charged by appellant was exorbitant, or that in making the contract with Mr. Lee for the five per cent extra, the agreement was fraudulent. The fact is that counsel was extremely frank in pleading and proving his case. Appellee did not allege fraud, and the proof is far from indicating anything more than a clear meeting of the minds on the proposal, which appears from the records, and on proof of appellant taken as if on cross-examination, arose in this manner:

Lee was apparently having no success in raising funds to further his project by surveys. After apparently exhausting his resources, he approached appellant and suggested that he help him borrow the necessary funds. Appellant agreed on condition that he would "pay the five per cent fee going to Mrs. Williams," which in substance and effect was merely to leave the original contract standing. Appellant has paid the greater portion of the amount to Mrs. Williams, and stands ready to pay a small balance. There is presented here no question of lien under Section 107, Kentucky Statutes.

There is no merit in the contention that demurrer, special or general, should have been sustained because of lack of timely presentation and verification of appellant's claim. The practice and procedure with relation to such matters is discussed in Martin & Co. v. Davis' Adm'r, 226 Ky. 722, 11 S. W. (2d) 912. The question is not properly raised by demurrer. There was no motion for rule.

On the whole case we are of the opinion that the court properly overruled the demurrers and special pleas, and having done this we can see no valid reason why he should not have sustained appellant's motion, hence the judgment is reversed, with directions to proceed consistently herewith.

Judgment reversed.