## Wooldridge v. Bradbury, et al.

(Decided October 10, 1919.)

### Appeal from Bullitt Circuit Court.

1. Attorney and Client—Contract for an Agreed Per Cent.—The fee to which attorneys, under a contract for an agreed per cent. of the amount recovered, are entitled, is to be estimated upon the amount which their client is entitled to receive and appropriate under the judgment, and not upon the amount which may be

found by the court to be due the client from the adverse party
and which is subject to reduction by a valid set-off.

2.  Attorney and Client—Contract for Compensation—Meaning of
    Word "Recover."—The meaning of the word "recover" as used in
    such contracts must be given its common acceptation unless a
    different meaning is manifest from the context, and the common
    acceptation implies the actual obtaining of the thing sought with
    the right in the client to appropriate that specific thing.

J. F. COMBS and T. C. CARROLL for appellant.

C. B. SEYMOUR, S. L. TRUSTY and C. P. BRADBURY for ap-
pellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On July 27, 1910, appellant, Mary E. Wooldridge, and
her husband, Webster C. Wooldridge, who was her agent,
entered into a written contract with the appellees, C. P.
Bradbury and the firm of Popham, Trusty and Webster,
who were practicing attorneys, whereby she employed
them to prosecute certain claims and causes of action
which she insisted were due her from one G. S. Patter-
son, and to obtain a settlement of the Shepherdsville
Merchandise Company, a business firm owned by Mrs.
Wooldridge and Patterson, with a small interest owned
by the latter's wife.    That part of the contract material
to the present controversy says:

"That whereas the parties of the first part have em-
ployed the parties of the second part as their attorneys
in law to prosecute all their claims against G. S. Patter-
son of said Shepherdsville, and the Shepherdsville Mer-
chandise Company and to obtain a full settlement of the
affairs of the said Shepherdsville Merchandise Company.

"Now, therefore, the parties of the first part agree to
pay the parties of the second part a sum equal to one-
third of all moneys or property recovered for the par-
ties of the first part, or either of them, in the prosecu-
tion of said claims of the settlement of the affairs of said
company; and if any action brought in connection with
said claims or settlement is appealed to the Court of
Appeals of Kentucky, or is brought in any other court
than the Bullitt circuit court, then the parties of the first
part agree to pay to the parties of the second part a sum
equal to two-fifths of all money or property recovered
in the prosecution of said claims and in said settlement."

Thereafter suit was filed against Patterson in the
name of Mrs. Wooldridge and in the name of her hus-

band as her agent, seeking a judgment against him for mismanagement of the Mercantile Company and for wrongful appropriation by him of the funds of that company, and other derelictions, in the sum of $20,500.00.

Various defenses were made by Patterson in that suit, and before its submission and determination he pleaded as a set-off the balance of a judgment which he had obtained against Mrs. Wooldridge, amounting to the sum of $2,875.95. This item arose out of a transaction between Mrs. Wooldridge and Patterson, whereby he sold to her certain property in Shepherdsville for the consideration of $7,000.00, $2,000.00 of which was paid by conveying to Patterson a farm containing over two hundred acres owned by Mrs. Wooldridge. The balance of the consideration for the farm was a one-half interest in the mercantile business at Shepherdsville. The remaining $5,000.00 for the real estate in Shepherdsville was evidenced by the note of appellant, and the set-off represents the balance of that note after enforcing the lien on the property. Upon final submission the court in the case of Wooldridge v. Patterson, adjudged: ''That the plaintiff, Mary E. Wooldridge, recover of the defendant, G. S. Patterson, four thousand and six hundred dollars, subject to a credit of twenty-nine hundred and eighty-three dollars and ninety-nine cents, the balance of the judgment after deducting one hundred dollars rent set out in the amended answer herein, and interest thereon from February 12, 1912.''

An appeal was prosecuted to this court by Patterson and a cross-appeal taken and the judgment on both the original and cross-appeal was affirmed in an opinion reported in 170 Ky. 748. After the mandate was filed in the trial court, Wooldridge paid into court the amount adjudged against him, after deducting the set-off, which, with interest, was $2,044.75, when appellant's attorneys, claiming their right to do so under the above contract, entered motion for an allowance to them of forty per cent. of $4,600.00, to which appellant objected, but consented that her attorneys might be allowed under the contract forty per cent. of the $2,044.75. An agreed order was entered to that effect, and her attorneys, the appellees here, were allowed and paid $817.90, and the motion was continued as to the contested issue between the parties, which was finally determined by the court allowing to appellees an additional sum of $1,022.10, which, with the $817.90 previously allowed, was forty per cent.

on the $4,600.00 found for appellant in her suit against
Patterson, and to reverse this judgment allowing to ap-
pellees the additional $1,022.10, this appeal is prosecuted.

It will at once be seen that the sole question for deter-
mination is on what sum are appellees entitled to forty
per cent. in payment of their fees, *i. e.*, on the $4,600.00
determined to be due from Patterson to appellant or on
the net sum after deducting the set-off, and for which
sum only Mrs. Wooldridge recovered judgment? As will
appear from the contract, one of the duties (and as we
shall hereafter see, practically the whole duty) of the
attorneys was to "prosecute all (their) claims against
G. S. Patterson," and their fees were to be equal to the
agreed per cent. "of all moneys or property recovered."
If the suit was appealed to the Court of Appeals, the fee
was to be equal to two-fifths of "all money or property
recovered." The question then is, what was meant by
the term "recovered" as used in the contract? There
is nothing in its terms to indicate that the word was used
in any other sense than its ordinary meaning as used
both generally and legally.

The latest edition of Webster's International Dic-
tionary defines the word thus: "To get or obtain again;
to get renewed possession of; to win back; . . . to ob-
tain title to by final decree or judgment in a court of
law." A strict analysis of this definition would confine
the meaning of the word only to that which the one ob-
taining the judgment would get the possession of, or the
right to the possession, and which right was capable of
enforcement. This definition was adopted and applied
by this court in the case of Leslie v. York, 112 Ky. 712.
In that case the attorneys had a contract for a fee equal
to one-half "they may recover." A judgment was ob-
tained in favor of plaintiff, but it seems that because of
insolvency of defendant only a portion of it was collected.
Plaintiff contended that the attorneys were entitled to
their per cent. only upon the amount collected, while
they insisted that they were entitled to collect from plain-
tiff their per cent. of the entire judgment. This court
adopted the contention of the plaintiff in that suit and
denied the right of the attorneys to any sum more than
their per cent. of the amount actually collected. In the
course of the opinion the court referred to the definition
given by Mr. Webster, as well as those given by the auth-
ors of various law dictionaries, and then said:

"So we see that the primary meaning of the word in common speech, and even when used as a word of art, implies the actual obtaining of the thing sought, and that the meaning which implies the mere obtaining of a judgment which gives a right to the actual possession of the thing sought is secondary." The court then concluded its reasoning by saying: "We are of the opinion that the fair construction of the language is that Leslie was to pay an amount equal to one-half of what he *actually obtained* by the judgment, and not one-half of the *amount* of the judgment, which might or might not be worthless."

In the case of Robertson & Cleary v. Shutt, 9 Bush, 659, this court had under consideration the right of plaintiff's attorney to a lien upon the judgment as against the right of the defendant to off-set it by another judgment which he held against plaintiff, as is provided by section 377 of the Civil Code. It was held that the attorneys were entitled to their lien in preference to the right of defendant to thus offset the judgment. The court was influenced to so hold because of the language of the section of the Code, *supra,* wherein it provides that the right to set off one judgment with another is to be had "with due regard to the legal and equitable rights of all persons interested therein," and since the right of the attorney for plaintiff attached when the claim was put into his hands, that right could not be defeated by an independent and collateral judgment. The opinion says, however: "We do not doubt that in an action which is subject to be defeated by the plea of set-off, and which is so barred, the attorney's claim for services must, like the plaintiff's demand, yield to the set-off as it would to any other available defense to the action."

In the case of Bradford v. Ware's Exr., 12 Ky. Law Rep. 986, Judge Barbour, of our former Superior Court, held that "an attorney has a lien only upon the amount to which his client is entitled upon the termination of the litigation. And, if upon a settlement of the different liabilities incurred by the parties, the one to the other, during the litigation, the client is entitled to nothing, the attorney has no lien which he can enforce against the adverse party."

In 6 Corpus Juris, 745, the author of the text, discussing the rights of the attorney under a contract like the one here involved, in stating the sum upon which he is entitled to his percentage, says: "The percentage com-

ing to the attorney is usually reckoned on the amount actually recovered, and not on the amount of the judgment rendered, unless the language of the contract is such as to justify such an interpretation."

There is nothing in the language of the contract now before us justifying any other interpretation. We find nothing in the cases of Elk Valley Coal & Mining Co. v. Willis & Meredith, 149 Ky. 449, and Green County v. Lewis, 157 Ky. 490, or any others relied on by appellees, in conflict with what has been said. In the Elk Valley, etc., case the question was whether the attorneys under a contract for a conditional fee were entitled to the value of a permanent contract of employment by defendant which had been agreed to by plaintiff in settlement of his case, and the court held that since the plaintiff had in a legal sense recovered the value of the contract, it being a valuable asset to him, his attorneys were entitled to their per cent. of its value, which rather substantiates than conflicts with what we have said.

In the Green county case, the attorneys were employed in suits instituted against the county upon some of a series of bonds which it claimed were invalid. The validity of all of the bonds issued by the county, whether sued upon or not, was involved, and the county agreed to pay the attorneys a fee certain, and in addition a sum equal to five per cent, "of any amount of said bonds or any bonds issued by said Green county in aid of said railroad, which they may *save* said Green county." Certain coupons had gotten into circulation and they were affected by the judgment which the attorneys obtained for the county, though not directly involved, and they claimed their percentage on the amount of the coupons thus *saved* to the county, which the court allowed, and which is by no means in conflict with our present holding.

However, were we to consider the question as one of first impression, we would have no trouble in arriving at the same conclusion. Section 95 of the Civil Code provides what an answer to a suit may contain. Subsection three of that section says that the answer may contain "a statement of facts which constitute a set-off or counterclaim." Such statements of facts furnish as complete an answer as does a traverse, a plea of payment, a plea of *non est factum,* a plea of estoppel, or any other plea known to the law. Each of them is allowed the same effect by the law—that of defeating, in whole

or in part, the claim sued on—and when an attorney accepts employment to bring a suit, he does so with at least the implied knowledge. that the contemplated suit is liable to be defeated by any of the defenses allowed by law, including a plea of set-off. Indeed the plea of payment is largely analogous to the one of set-off. They each impliedly acknowledge the claim sued on, but say in substance that the plaintiff is indebted to the defendant, in the case of payment, for the money so paid, and in the case of set-off, for a claim the payment of which can be enforced. We attach no importance to the fact that the set-off pleaded in the case of Patterson v. Wooldridge, *supra*, had been reduced to judgment before it was relied on as such. It could have been so pleaded without being reduced to judgment, and the difference is only one of practice, for it was said in that case:

"This suit, according to the pleadings, is nothing more than an individual suit by appellees against the appellant, and while as originally brought it sounds in tort, yet it is shown to be such because the alleged violations of duty imposed upon appellant an implied contract; for when he undertook to discharge the duties of president and manager he impliedly agreed to exercise good faith and fairness toward the corporation and stockholders in doing so. Under this view there could be no valid objection urged to the pleading of the set-off or the allowance of it if found to be correct."

Illustrations might be given showing what we believe to be the fallacy of appellees' contention under the facts of this case, but we do not deem it necessary, since we are fully convinced that the court erroneously allowed them the additional sum of $1,022.10, it being the contract per cent. upon a sum which Mrs. Wooldridge never in law recovered.

Wherefore, the judgment is reversed, with directions to dismiss appellees' claim for any further amount than what they have already received, to pay the balance of the $2,044.00 to Mrs. Wooldridge, and for proceedings consistent with this opinion