## Grahn and Louisville Fire Brick Works v. Heine.

(Decided February 16, 1923.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Appeal and Error—Affirmance of Judgment—Transcripts.—A judgment will be affirmed if it is sustained by the pleadings where the appellants simply file a transcript of the pleadings, orders and judgments, and do not bring up the evidence.
2. Appeal and Error—Review.—Upon such a review, the entire pleadings rather than simply a writing incorporated therein and forming a part thereof must be consulted.
3. Appeal and Error—Judgment—Pleading.—Where the pleadings show that the writing recites but a part of the contract between the parties, and that the contract is bilateral, the fact that from the writing alone it appears unilateral is immaterial in determining whether the pleadings support the verdict and judgment.
4. Attorney and Client—Liens—Right of Offset.—An attorney's statutory lien upon his client's judgment is inferior to his adversary's right to offset against the entire judgment in the same action any claim in his favor arising out of the same transaction or undertaking.

BRUCE & BULLITT and THEOBALD & THEOBALD for appellants.

W. W. THUM and JACOB ARONSON for appellee.

Opinion of the Court by Judge Clarke—Affirming in part and reversing in part.

The appellant Grahn instituted this action in equity under section 237 of the Civil Code against Heine and the Louisville Fire Brick Works, to secure indemnity from Heine and to compel him to pay $75,000.00 in notes to one Parker and an indebtedness of $25,000.00 to the brick works upon which Grahn was surety.

The brick works, a corporation, filed answer and cross-petition against Heine, seeking judgment against him and Grahn for the $25,000.00 which it alleged to be past due. Heine filed answer, counterclaim and cross-petition denying that the $25,000.00 he owed the brick works was due, and seeking judgment against it and Grahn for $75,000.00 damages for breach of a written contract of employment, and for two smaller amounts alleged to be due him under the contract prior to its breach.

The issues raised by Heine's pleadings were transferred to ordinary, and upon trial, Heine recovered a verdict for the sum of $11,090.00 against Grahn and the brick works, and the jury found that the $25,000.00 he owed the latter would not be due until after the maturity or discharge of the notes to Parker, the last of which does not mature until August, 1925.

Upon this verdict, the judge of the common law branch of the Jefferson circuit court, in which the trial was had, entered a judgment dismissing without prejudice the claim of the brick works for $25,000.00 and a judgment in favor of Heine against Grahn and the brick works for $11,090.00, but providing that execution should not issue thereon until ordered in the equity branch of the court, in which the suit had originated and to which it was retransferred for disposition of the equitable issues raised by the pleadings.

In the equity division of the court, counsel for Heine, having previously filed an affidavit showing that they had an agreement with him for a fee equal to 30% of the amount recovered by him, asked that execution issue on the judgment in favor of Heine, and that it be endorsed in favor of the attorneys for 30% thereof. To this Grahn and the brick works objected, because the records showed that Grahn, as surety for Heine to Parker, had paid one of the notes for $25,000.00 which had matured, and $9,000.00 for interest due upon the

entire indebtedness to Parker, and which more than off-set his entire judgment for $11,090.00.

The court, being of the opinion that the 30% interest of Heine's attorneys in the judgment in his favor could not be defeated by the undisputed claim of Grahn against him for $34,000.00, sustained the motion for execution for the 30% of the judgment in favor of Heine's attorneys.

By this appeal Grahn and the brick works seek a reversal of the judgment in favor of Heine for $11,090.00 and of the order directing an execution to issue on that judgment for 30% thereof in favor of Heine's attorneys.

As appellants have not brought up the evidence heard on the common law trial, and have simply filed a transcript of the pleadings, orders and judgments, the judgment in Heine's favor must be affirmed if it is sustained by the pleadings, as clearly it is, in our judgment.

Appellants' contention that the judgment is not sustained by the pleadings is based solely upon the claim that the written contract of employment, set out in the answer and counterclaim and alleged to have been breached by appellants, shows upon its face that it is unilateral and unenforceable. This contention, in our judgment, would be unanswerable if we might, as do counsel for appellants, consider the face of this writing alone and ignore the pertinent allegations of the pleadings with reference thereto. But it is obvious that this cannot be done, since it is the pleadings and not the contract alone that must be reviewed to determine whether the pleadings sustain the judgment, and, by the pleadings of both appellants and appellee, it is shown without contradiction that the written contract of employment, alleged to have been breached, does not stand alone but is rather a part of a much larger contract, in which the employment of Heine was but an incident, though an important one.

The transcript of the pleadings, orders and judgments upon which this appeal is prosecuted, makes a record of nearly 200 pages of typewritten matter, and the pleadings set out not merely the written contract of employment, but, in a way, the entire contract between the parties and the considerations, including the relationship existing between the parties that induced them to execute it.

Appellants did not even demur to the answer, counterclaim and cross-petition of Heine setting up the contract of employment, alleging its breach and seeking damages therefor, which they certainly would have done if their defense had been based upon the idea that the contract was unilateral and unenforceable. Upon the other hand, they pleaded that it was procured by fraud, and that their breach of it was justified and excused because of Heine's prior breach thereof by failure and inability to perform the services which they allege he had agreed to perform as a basis for its execution; and although they pleaded by a separate paragraph of their reply that it was without consideration, their own pleadings alone are in our judgment sufficient to show that the contract of employment was neither unilateral nor without consideration.

This latter plea Heine met by alleging not one but several considerations passing from him to appellants, and which, if true, were certainly ample to support the contract and relieve it of its apparent lack of mutuality.

As stated by counsel for appellants in their brief, the common law issues formed by the pleadings and tried by the jury, were as follows:

"1. Was the contract of employment with Heine a valid contract?

"2. Was the contract of employment with Heine procured by misrepresentations or undue influence?

"3. Was Heine guilty of misconduct such as to justify his discharge?

"4. If the contract was enforceable and Heine was improperly discharged, how much was he damaged thereby?

"5. Was the claim of the fire brick works against Heine for $25,000.00 due at the time the suit was brought?"

As they have not brought up the evidence or the instructions upon which these issues were heard and determined, we must, under well established rules of practice, conclusively presume that each of these issues was correctly decided by the jury against appellants. As appellants have thus admitted that the validity of the contract was raised by the pleadings, submitted to and decided by the jury, there can be no necessity for our taking the time and the trouble to extract from the voluminous pleadings for exhibit here the various allegations of both parties, which, if true, show that the

entire contract between the parties—of which the so-called contract of employment of Heine as vice president and executive officer of the brick works, of which Grahn was president, was but a part—was not void for lack of mutuality or certainty, as appellants now contend, upon the face of the writing which we call the "contract of employment" for lack of a better name, but which under the pleadings is not the whole contract of employment but is merely a part thereof styled "Memo," and dated ten days after a material part of its provisions had been fully carried out by Grahn and Heine, as is shown by another written memorandum between the parties filed as an exhibit with the petition.

We are therefore clearly of the opinion that the judgment for $11,090.00 in favor of Heine against appellants is amply supported by the pleadings.

2.  The decision of the chancellor, ordering an execution in favor of Heine's attorneys for 30% of his judgment against appellants, is, in our opinion, based upon the same fallacy as is the above contention of appellants, that the writing called the contract of employment is a separate and distinct entity, whereas it is but a memorandum reciting one side only of the two-sided contract or undertaking between the parties, under which Heine, in this action, is seeking by way of counterclaim what he conceives to be due him and attempting to defeat what appellants, who began the action, claim to be due them.  In other words, in our view, in this action the parties are seeking an accounting and settlemnt of their various claims arising out of a single undertaking, by which Grahn as president of the brick works employed Heine as vice president and managing director thereof for five years, and individually furnished him the credit to enable him to buy out the minority interest in that corporation, and by which Heine agreed to purchase that interest, to pay for same out of his salary during the period of his five years' employment. to qualify himself as soon as practicable for the position, and to perform its services efficiently during the period of his employment.

That contract was consummated by Heine's purchase of Parker's one-fourth of the stock in the brick works upon credit furnished by Grahn, who owned the rest of the stock of the brick works, and by the election of Heine

as vice president and director, and his assumption of his duties as such.

After these arrangements had been perfected as contemplated by the contract, and had been maintained but a few months, Heine was discharged by Grahn as president of the brick works, and all parties are here seeking an adjudication of their rights and redress of their wrongs growing out of the transaction.

The only difference in their attitudes is that appellants base their right of relief upon an alleged invalidity in the whole contract or arrangement, or, if valid, upon Heine's breach of his obligations thereunder; while appellee bases his right of relief upon its validity, his compliance therewith and a breach by appellants. Or, stated otherwise, appellants attack the entire contract at its inception, and justify its termination by them, while appellee attacks simply its termination.

The sum of the action is therefore an attempt by all parties, in one suit, to settle their various claims arising out of a single complex undertaking which ended prematurely and disastrously to all parties, and this, it seems to us, necessarily calls for an accounting by each party, and limits a recovery by one against the other to the net amount ascertained to be due him on a settlement of all items of dispute involved.

The fact that their diverse claims involved a breach of duty by one party here, and a breach by the other party there, in the inception, development and premature termination of the single undertaking or venture, or that some of the issues are equitable and other ordinary, does not, in our judgment, suffice to make of the items involved in a complete adjustment of the entire matter separable accounts which may not be fully offset one against the other, before there can be a recovery by either claimant.

This conclusion renders unnecessary a discussion of the authorities upon which appellee relies to sustain his contention that the interests of his attorneys in his judgment cannot be offset against appellants' undisputed claim for $34,000.00 against him, since his attorneys concede that upon this view, which they seek to avoid by argument that the matters involved are not so related, the cases of Robertson, etc. v. Shutt, 9 Bush 659; and

Woolridge v. Bradberry, 185 Ky. 587, 215 S. W. 406, upon which appellants rely, are controlling, and appellants are entitled to offset their claim against appellee's entire judgment.

But we should state, we think, that no authority cited by appellee is applicable to the state of facts presented by this record, even if we could agree with counsel for appellee, as we do not, that the doctrine of the Woolridge case is limited in its application to suits for an accountting and settlement of matters growing out of a single transaction or undertaking; and that the question of offset is one of equities between a litigant's attorneys and his adversaries.

Appellant's attorneys knew when they filed his counterclaim for damages for breach of his contract of employment, that under that same contract and in this action, appellants were asserting against him claims for $100,000.00, and therefore necessarily knew that any recovery for their client that they might share under their contract with him was dependent not alone upon the establishment of his claim, but also upon the outcome of the litigation upon a final adjustment of accounts between the parties. Hence their rights in his judgment establishing his claim, which are confirmed by statute as against their client but not as against his adversary, are, in good conscience and even disregarding section 94 of the Code permitting appellants to plead their claims as an offset, necessarily inferior to the latters' right at least to balance with him all accounts growing out of their contract, before liability thereunder for any amount either to him or any one claiming through him.

We are therefore of the opinion that the court erred in ordering an execution upon appellee's judgment in favor of his attorneys, and that their lien upon the judgment they secured for him upon one branch of the case is dependent upon, and must await, a recovery thereon sufficient to pay their claim.

Wherefore the judgment in favor of appellee for damages is affirmed, but the judgment ordering an execution thereon in behalf of his attorneys is reversed, and the cause remanded for further proceedings consistent herewith.