Gleckel Estate.

Argued April 19, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Hackett Mullen,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY JAMES, J., July 15, 1944:

Appellant, Hackett Mullen, Executor and attorney for the Estate of Emma Gleckel, has appealed from the adjudication of the Orphans' Court in reducing and disallowing certain credits for services rendered the decedent in her life time and to the Estate. The account shows the assets and certain credits claimed as follows:

| | | | |
|---|---:|---|---:|
| Feb. 12, 1942, to Inventory as filed .... | $1,502.68 | Hackett Mullen: Counsel fee and expenses for compensation case .. | $525.00 |
| Gain on sale of personal property (difference between sale price and appraised price) | 7.47 | Counsel fee for the estate .......... | 160.00 |
| Rent from No. 46 Hillview Ave., Latrobe, from Nov. 15, 1940 to March 15, 1942, both dates inclusive (16 months) at $18.00 per month ............ | 288.00 | Tierney eviction proceedings ..... | 25.00 |
| | | 2 Executor's Articles of Agreement | 30.00 |
| Sale of No. 48 Hillview Ave., Latrobe | 2,500.00 | 2 Executor's deeds | 30.00 |
| Interest on deferred payments on said sale | 79.90 | Accountant's fee .. | 310.00 |
| Sale of No. 46 Hillview Ave., Latrobe | 1,800.00 | | |

$6,178.05

Exceptions were filed to these credit items. At the hearing it appeared appellant represented decedent in a claim for compensation arising from the death of her

husband. Decedent was awarded the sum of $2,318.50 but the estate only received the sum of $1,187.58 as she died before the total number of weekly payments had expired. Appellant testified, "the case was on a contingent basis with the understanding that counsel was to have 20% of the award plus interest if he won the case and nothing if he lost." The auditing judge sustained exceptions to the charges for drawing the articles of agreement, deeds and instituting Tierney eviction proceedings, holding that the fees charged as accountant and attorney for himself were ample to compensate for these services, and reduced the charge in the compensation case to $250. On petition of accountant to open the adjudication to adduce expert testimony as to the worth and value of the services, the court directed the petition be filed "as exceptions to so much of the Decree of Distribution ......, as relates to the adjudication concerning the counsel fee for compensation case." On the hearing members of the bar testified that the services were variously worth $600—$525—$500 to $550. Appellant also made a statement, in part, as follows: "I must have become confused and stated twenty percent rather than twenty percent plus, and I now wish to state to the Court that the case was on a contingent basis of twenty-five percent and that is why I charged a fee of $525.00." The court increased his prior allowance to $296.96, on the basis of 25% of the amount actually recovered on the award of compensation.

The former decree of distribution was vacated and on final distribution the accountant was surcharged in the sum of $228.04 for overpayment in the compensation case and the charges for Articles of Agreement, deeds and the Tierney case. Exceptions were dismissed and on this appeal, the assignments of error relate to the items disallowed and reduced.

The complaint as to surcharge of the credits for

preparation of the Articles of Agreement, the deeds for the sale of real estate and services in connection with the eviction proceedings, seems to be an after-thought as in appellant's petition for the vacation of the first decree of distribution, no complaint was made against the surcharge for these items. In fact the petition was "filed as exceptions to so much as relates to the adjudication concerning the counsel fee for compensation." It comes with poor grace for him to later complain. Appellant was not entitled to compensation for specific services that should be included within the amounts charged for services rendered as attorney for executor. These charges were in connection with the collection of monies upon which the accountant based his fee as executor of slightly more than 5% and his charge of attorney fee of slightly more than two and one-half per cent. Appellant wanted to eat his cake and still have it. The assignments as to these items are dismissed.

Appellant argues that the court erred in holding that the contingent fee should be based upon the amount actually recovered and not upon the award.

In determining the reasonable value of services of an attorney "judges who act as triers of fact no less than jurors" are allowed the use of their reasonable judgment and are not required to accept conclusions which are grossly contrary to such reasonable judgment, based on established precedent. *Sparks Estate,* 127 Pa. Superior Ct. 364, 193 A. 449; affirmed 328 Pa. 384, 196 A. 48. While the opinion of other lawyers is competent on the question of the value of an attorney's services to an executor, trustee or guardian, it is not so conclusive as to take the place of the judgment of the court whose duty it is to pass on the question of the value of the services. *Holman's Estate,* 102 Pa. Superior Ct. 198, 205, 156 A. 608.

"The fixing of fees for services of counsel in the

settlement of an estate, or other matter under the eye of the court, rests largely in the judgment of the court below, and its decision will not ordinarily be disturbed on appeal. As said in *Good's Estate,* 150 Pa. 307, 310, 24 A. 623: 'The amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance. Its opportunities of judging the exact amount of labor, skill and responsibility involved, as well as its knowledge of the rate of professional compensation usual at the time and place, are necessarily greater than ours, and its judgment should not be interfered with except for plain error.' " *Berkowitz Estate,* 344 Pa. 485, 26 A. (2d) 295. See also *Wood's Estate,* 272 Pa. 8, 12, 13, 115 A. 865; *Rambo's Estate,* 327 Pa. 258, 266, 193 A. 1; *Davidson's Estate,* 334 Pa. 389, 395, 6 A. (2d) 73.

Appellant's claim of 25% upon the award instead of upon the actual recovery shows its unreasonableness when we consider that on this basis appellant would actually receive more than 45% of the monies recovered. In passing upon the meaning of a contingent fee the court found that in that county (Westmoreland County) the fee should be based upon the amount of recovery and not the award or verdict, for, as he well said, in the event of a large verdict against a defendant which had no value, the attorney would have the right to collect from his own client the contingent fee. We believe this to be the experience of lawyers in other counties.

When we consider that no question had been raised as to the competency of appellant in testifying as to the agreement with decedent, and his own oversight as to its terms, the court was fully justified in finding that "award", as contemplated by the parties, meant monies actually recovered.

In discussing the question of this allowance, neither appellant nor the court below considered the effect of Par. 2, Sec. 501 of the Act of June 21, 1939, P. L. 520,

77 PS 1021, which provides as follows: "No claim or agreement for legal services or disbursements in support of any claim for compensation, or in preparing any agreement for compensation, under article three of this act, shall be an enforcible lien against the amount to be paid as compensation, or be valid or binding in any other respect, unless the same be approved by the board. Any such claim or agreement shall be filed with the department, which shall, as soon as may be, notify the person by whom the same was filed of the board's approval or disapproval thereof, as the case may be."

We have been unable to find any case in our appellate courts construing this section; and only one case in the lower courts, *In re: Miegocki,* 34 Luzerne Legal Register, 257, where, at an audit upon a claim for legal services in a compensation case, the claimant was directed to present his claim to the Compensation Board. The fact that no decisions are to be found can be accounted for on no other basis than that attorneys generally recognize the plain language of the statute and therefore comply with rules promulgated by the board to carry out the provisions of this section. For further discussion see Skinner's Workmen's Compensation Law, Vol. 1, 3rd Ed., page 879.

If the question had been squarely raised, we have no doubt that the court below would have required appellant to follow the language of the statute; otherwise dismiss the claim. Under the circumstances of this case, however, we shall not return this record but shall sustain the award as made by the court below.

Decree affirmed.