## Topton National Bank, Appellant, *v.* Holland.

Argued June 9, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

502

*Donald E. Wieand,* with him *Butz, Hudders, Tall-man & Rupp,* for appellant.

*Raymond J. DeRaymond,* with him *Francis H. S. Ede,* for appellee.

OPINION BY HIRT, J., September 16, 1959:

These facts are not in dispute: Warren Holland leased a Gallion Roller and an Allis Chalmers Grader from Clayton F. Fehr and Roy S. Hahn for a total rental of $5,100; he paid $2,350 in rentals leaving a balance due of $2,750. Fehr and Hahn then repossessed the leased equipment; whereupon Holland brought an action of replevin against them which came on for trial before the late Judge Frack and a jury in May 1955. Holland had retained attorneys Francis H. S. Ede and Raymond DeRaymond to represent him in the action. Fehr and Hahn gave a bond and retained possession of the road equipment. Holland had agreed in writing upon the payment of a contingent attorney fee of 50% of any verdict rendered in his favor in the replevin action. During the course of the trial a side-bar agreement between parties was reported to the court by counsel to the effect, that any verdict for Holland should be molded by the court by reducing it by $2,750, the amount of the unpaid balance on the lease. On May 19, 1955 the jury in the replevin action found in favor of Holland and against Fehr and Hahn in the sum of $5,028.75. Thereupon Holland assigned the verdict to Ede and

DeRaymond, his attorneys, as security for the payment of their fees, under the contingent fee agreement. Holland was adjudicated bankrupt on December 19, 1956. On the application of Fehr and Hahn a new trial was granted in the replevin action by the lower court sitting en banc. On appeal to the Supreme Court however the order was reversed, on March 26, 1958, and judgment was directed to be entered on the verdict (*Hanover Const. Co. v. Fehr*, 392 Pa. 199, 139 A. 2d 656). The verdict was never molded by the court below to accord with the agreement of the parties; accordingly as directed by the Supreme Court judgment was entered in the sum of $5,028.75.

The present proceeding was in attachment execution on two judgments entered by plaintiff, National Bank of Topton, against Holland, trading as Hanover Construction Company. Recovery by the bank depends upon whether funds will be available from the proceeds of the judgment after payment therefrom of the attorney fees in the agreed amount. Ede and DeRaymond contended that they were entitled to 50% of $5,028.75, the amount of the judgment, under their contingent fee agreement. The lower court did not agree with them but, notwithstanding the written agreement governing the amount of fees, found that they were entitled to receive $2,500 for their services on quantum meruit. There is clear error in this conclusion.

Where the amount of fees is determined by a contingent agreement, there can be no recovery on quantum meruit. 5 Am. Jur., Attorneys at Law, §195; Restatement, Contracts, §350, Comment (a) and illustration (1). Moreover contingent fee agreements are subject to supervision by the courts. *Gleckel Estate*, 155 Pa. Superior Ct. 383, 38 A. 2d 374. And the amount of the contingent fee must be computed upon the amount of actual recovery and not on the amount of the

verdict rendered. *Diggs v. Taylor and Company, Inc.,* 329 Pa. 385, 198 A. 51. The maximum recovery in this case of Holland v. Fehr and Hahn is conceded to be $2,278.75 (after deducting $2,750 from the amount of the verdict, as agreed to by the parties) ; 50% of that amount is $1,139.38 and this, with interest thereon from May 19, 1955, is the amount that counsel will be entitled to as attorney fees under their contingent fee agreement.

The order of court dated October 14, 1958, is modified to this extent: from the amount paid into court $1,139.38 with interest from May 19, 1955 is awarded to Francis H. S. Ede and Raymond DeRaymond; the balance remaining less poundage is awarded to plaintiff National Bank of Topton to apply on its judgments.