■ In the Matter of the CITY OF NEW YORK, Acting for and on Behalf of the New York City Housing Authority, Relative to Acquiring Title to Real Property Within the Area Bounded by West 155 Street, and Other Streets in the Borough of Manhattan as a Site for a Project Known as POLO GROUNDS AREA PROJECT. JAY COOGAN et al., Appellants; BERNARD L. BERMANT et al., Doing Business as SKINNER & BERMANT, LEDDY & RABER, Respondents-Appellants.— Order entered on March 27, 1963, determining the compensation and disbursements of the claimants-respondents-appellants as attorneys modified on the law and the facts by reversing so much thereof as determines that compensation and disbursements are due from appellants-respondents Gardiner Coogan, Sarah Jessie Coogan and W. Gordon Coogan and by granting the motion of said appellants-respondents to expunge the lien of such attorneys; by fixing the amount determined to be due from appellant-respondent Jay Coogan in the sum of $40,000 for services, in the sum of $3,000 for fees of the expert consultant, and necessary disbursements; and as thus modified, affirmed, without costs. The proof in the record is insufficient to establish implied authority of appellant Jay Coogan to retain the claimants-respondents-appellants as attorneys for the other members of the Coogan family, and we find that only he is liable for the legal services rendered. Since a client is at liberty to discharge a lawyer at will for a good reason or no reason, the value of the services rendered to the date of discharge is measured on *quantum meruit.* There is no fair basis for the contention of Jay Coogan that the attorneys were discharged for good cause and therefore not entitled to any compensation for their services. In our view the $100,000 which the court at Special Term found as the value of the legal services in *quantum meruit* is too high. In part our conclusion rests upon the fact that the Special Term was considering the value of services rendered for all the owners, while the modification which we make in the order relates to the services to the interest of Jay Coogan. The services were rendered from September 22, 1961 to January 24, 1962. The attorneys conducted negotiations with the public authority which was condemning the Coogan's property without reaching agreement on settlement value. They also made some preparation for trial by examining the title, resolving legal questions and discussing the problem with the expert witness. The fee to be determined must be reasonably related to the time spent as well as the complexity and magnitude of the case. In our judgment $40,000 is fair compensation for the actual legal services performed for Jay Coogan in the period between retainer and discharge. Concur — Botein, P. J., Breitel, Stevens and Bergan, JJ.; McNally, J., dissents in the following memorandum: The silence of the brothers and sister after the receipt of the telegram of September 21, 1961, and for four months thereafter, is ample justification for the holding that Jay Coogan had authority to act in the common interest of the family in the condemnation proceeding. In view of the failure of the appellants to put in issue the value of claimants' services, I see no reason for disturbing the finding of the trial court in that respect. Accordingly, I dissent and vote to affirm. Settle order on notice.

■ In the Matter of JOSEPH E. LOMBARDI, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents.— Order entered June 5, 1963 denying petitioner's application for an order requiring respondents to correct an alleged error in his enrollment, unanimously affirmed, without costs. Petitioner fails to establish satisfactorily that he enrolled as a Republican by mistake. Concur — Botein, P. J., Rabin, McNally, Stevens and Eager, JJ.