458 A.2d 566

**Anthony J. MIERNICKI, Esquire and Wilbur H. Rubright, Esquire**

**v.**

**Frank SELTZER and Atkin Seltzer t/d/b/a Seltzer Coal Company and American Bank & Trust Co. of Pa. and Benjamin Stone, Vice-President of American Bank & Trust Co. of Pa.**

**Appeal of Anthony J. MIERNICKI, Esquire.**

Superior Court of Pennsylvania.

Argued March 2, 1982.

Filed March 25, 1983.

Petition for Allowance of Appeal Granted Aug. 10, 1983.

168

Jack E. Feinberg, Philadelphia, for appellant.

Joseph P. Semasek, McAdoo, for Frank Seltzer, appellee.

John T. Pfeiffer, III, Pottsville, for Atkin Seltzer et al., appellees.

Before WIEAND, BECK and HOFFMAN, JJ.

WIEAND, Judge:

In this appeal from a final decree in equity, we are required to review the trial court's resolution of a complicated fee dispute arising subsequent to eminent domain proceedings resulting in the recovery of damages for land taken for highway purposes in Schuylkill County.

Frank Seltzer and Atkin Seltzer are brothers who owned coal land in Schuylkill County. The land was condemned by the Commonwealth of Pennsylvania on December 1, 1965 for construction of a limited access highway known as Interstate Route 81. After litigation spanning a period of approximately twelve years, the owners were able to effect a combined recovery of $1,208,372.15. Anthony J. Miernicki, Esquire, commenced an action in equity by which he sought to impose an attorney's lien against these moneys in the hands of American Bank and Trust Company. Atkin Seltzer filed an answer to Miernicki's complaint in equity by which he denied any liability to Miernicki for counsel fees. Frank Seltzer filed no answer to the complaint, and a default judgment was entered against him on May 18, 1978, with damages being assessed by the prothonotary at $131,-625.89. On January 22, 1979, Frank Seltzer filed a petition to strike and/or open the default judgment. This petition was ultimately denied, but the court did strike the prothonotary's assessment of damages. Wilbur Rubright, Esquire, who had provided extensive legal services to Frank Seltzer throughout the eminent domain proceedings was added as a claimant.[1] After a full hearing, the court held that Frank Seltzer was liable to Miernicki for $32,500.00 and to Rubright for $80,000.00, which sums were to be paid from moneys being held by the bank. Atkin Seltzer, the court held, had no liability to pay counsel fees to Miernicki or

---

1. John H. Thomas, Esquire, who had represented Atkin Seltzer during the entire condemnation proceedings made satisfactory arrangements for payment of his fees and was not joined as a party in the equity action.

Rubright. Exceptions were dismissed, a final decree entered, and Miernicki appealed.[2]

In general, the procedure in equity actions is in accordance with the rules pertaining to the action of assumpsit. See: Pa.R.C.P. 1501. However, a default judgment is controlled specifically by Pa.R.C.P. 1511. This rule, as it existed on May 18, 1978, when appellant took a default judgment, provided as follows:

"(a) The prothonotary, on praecipe of the plaintiff, shall enter a judgment by default against the defendant for failure to plead within the required time to a complaint (endorsed with notice to plead). In all other cases of default or of admission the judgment shall be entered by the court.[3]

(b) In all cases, the court shall enter an appropriate final decree upon the judgment of default or admission and may take testimony to assist in its adjudication and in framing the decree."

Pursuant to this rule, appellant could properly enter a default judgment against Frank Seltzer, who had failed to plead to the complaint. However, the prothonotary lacked authority to determine the amount of counsel fees which appellant was entitled to recover or to enter a money judgment therefor. Thus, the trial court properly struck the assessment of damages by the prothonotary and took testimony to assist it in framing a final decree. See: 5 Goodrich-Amram 2d § 1511:1.

For purposes of determining the amount of appellant's counsel fees, the court was required to treat as admitted all averments of fact contained in the complaint. Pa.R.C.P. 1029(b). See: *Scales v. Sheffield Fabricating and Machine Co.*, 258 Pa.Super. 568, 572, 393 A.2d 680, 681 (1978); *Cercone v. Cercone*, 254 Pa.Super. 381, 386, 386 A.2d 1, 4

**2.** Frank Seltzer filed a separate appeal, but his appeal has been dismissed. In the instant appeal filed by Miernicki, the fees awarded to Rubright have not been challenged and are not before us for review.

**3.** By amendment of August 20, 1979, the words in parentheses were changed to "which contains a notice to defend."

(1978); *Landis v. City of Philadelphia*, 245 Pa.Super. 514, 518, 369 A.2d 746, 748 (1976). See also: *Ingram v. Dovertown Estates, Inc.*, 307 Pa.Super. 22, 26, 452 A.2d 884, 885 (1982); 2 Goodrich-Amram § 1029(b):2. Thus, it was a fact, admitted by Frank Seltzer, that appellant had been "retained upon a contingency basis of ten percent (10%) of the total recovery." The trial court declined to enforce the contigent fee agreement because it had not been reduced to writing in the manner required by Pa.R.C.P. 202 and because Frank Seltzer denied during the hearing that he had agreed to pay a fee of ten percent.

 Pa.R.C.P. 202 requires that contingent fee agreements be in writing. Specifically, the rule provides:

> Agreements between attorney and client relating to compensation wholly or partly on a contingent basis shall be in writing, executed in duplicate. One executed copy shall be delivered to the client at the time of the making of the agreement, and the other shall be preserved by the attorney for at least two years after final judgment or settlement of the case. Such agreements shall be subject to inspection by the Court, by the appropriate committee of the Bar Association of the County or of the Court, and by the Disciplinary Board of the Supreme Court of Pennsylvania.

The requirements of this rule "are procedural only, and are not intended to vitiate any contract between attorney and client.... However, where the existence of a contract for such a fee is established, and the testimony establishes that it is reasonable, it will be upheld, even though verbal." *Silverstein v. Hornick*, 376 Pa. 536, 541, 103 A.2d 734, 737 (1954). Moreover, Pa.R.C.P. 202 is similar to a statute of frauds in that it can be waived. Thus, a defense that a contingent fee agreement is not in writing is waived if it is not pleaded. *Frank v. Peckich*, 257 Pa.Super. 561, 587, 391 A.2d 624, 637 (1978) (Opinion by Spaeth, J., in support of affirmance).

 Nevertheless, contingent fee agreements are subject to careful scrutiny by the courts in order to insure that they

are reasonable and that no unfair advantage has been taken of the client. *County of Chester v. Barber,* 97 Pa. 455, 463 (1881); *Topton National Bank v. Holland,* 190 Pa.Super. 501, 503–504, 154 A.2d 252, 253 (1959); *Gleckel Estate,* 155 Pa.Super. 383, 386–387, 38 A.2d 374, 375 (1944). To be held reasonable, the fee must be computed upon the amount of the actual recovery and not on the amount of the verdict rendered. *Johnson v. Sears, Roebuck and Company,* 291 Pa.Super. 625, 436 A.2d 675 (1981); *Topton National Bank v. Holland, supra* 190 Pa.Super. at 503–504, 154 A.2d at 253; *Gleckel Estate, supra* 155 Pa.Super. at 387, 38 A.2d at 376. See also: *Diggs v. Taylor and Company, Inc.,* 329 Pa. 385, 198 A. 51 (1938). "[I]n exercising control over legal fees, courts normally compute the amount of contingent fees with reference to the amount the client has received and not by reference to the total award." *Almi, Inc. v. Dick Corporation,* 31 Pa.Cmwlth. 26, 40, 375 A.2d 1343 (1977). See also: *Cox v. Cooper,* 510 S.W.2d 530, 538 (Ky.1974); *Koehring Co. v. Hyde Construction Co., Inc.,* 236 So.2d 377 (Miss.1970); *In Re Polo Grounds Area Project,* 19 App.Div.2d 709, 241 N.Y.S.2d 822 (1963), *aff'd,* 14 N.Y.2d 779, 250 N.Y.S.2d 811, 199 N.E.2d 843 (1964); 7A C.J.S. Attorney and Client § 322.

■ For reasons which follow we hold that appellant is entitled to recover a fee in accordance with his contingent fee agreement with Frank Seltzer. However, that fee must be recovered solely from Frank Seltzer and must be determined by computing ten percent of the amount received by Frank Seltzer and not ten percent of the total verdict.

■ The trial court found that Atkin Seltzer had not entered any agreement with appellant, had not been a party to the agreement by which Frank Seltzer agreed to pay for appellant's professional services, and did not incur liability to appellant on the basis of quantum meruit. These findings and conclusions were fully supported by the evidence and the applicable law. Not only did Atkin Seltzer not participate in Frank Seltzer's hiring of appellant, but

throughout the entire eminent domain proceedings he was represented by separate legal counsel.

Appellant argued in the trial court, as he does on appeal, that he had been hired to represent and did represent Frank Seltzer and Atkin Seltzer, partners, trading as Seltzer Coal Company. However, Atkin Seltzer had not been a partner in Seltzer Coal Company after 1961. The partnership was dissolved by agreement in December, 1960, and early in 1961 Frank Seltzer physically ejected Atkin Seltzer from the partnership property. Thereafter, Frank and his sons conducted the coal business, and Atkin Seltzer did not participate therein.

■ Portions of the land condemned by the Commonwealth on December 1, 1965 were held in the names of Frank and Atkin Seltzer, trading as the Seltzer Coal Company, while other condemned parcels were titled in the names of Frank and Atkin Seltzer, individually, as tenants in common. Frank Seltzer, having wrongfully ejected Atkin Seltzer from the partnership, had no authority to wind up partnership affairs following dissolution, 59 Pa.C.S. § 359; and Atkin Seltzer was not bound by the unilateral acts of Frank Seltzer after dissolution. 59 Pa.C.S. § 357(c)(3). See: 29 P.L.E. Partnerships §§ 293, 297. After dissolution of the partnership, all lands were owned by the brothers as tenants in common. Cf. *Faust v. Heckler,* 359 Pa. 19, 58 A.2d 147 (1948). Moreover, on December 1, 1965 title to the coal lands became vested in the Commonwealth. *Van Cure v. Hartford Fire Insurance Co.,* 435 Pa. 163, 169, 253 A.2d 663, 666 (1969); *Govatos v. the Redevelopment Authority of the County of Montgomery,* 11 Pa.Cmwlth. 529, 533, 314 A.2d 536, 538 (1974); Section 402(a) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, as amended, 26 P.S. § 1–402(a) (Supp.1982–1983). Atkin and Frank Seltzer thereupon acquired a chose in action, which they held in common against the Commonwealth of Pennsylvania for the taking of their lands. See: *Bidelman Estate,* 360 Pa. 195, 201, 61 A.2d 355, 357–358 (1948); *Smith v. Glen Alden Coal Co.,* 347 Pa. 290, 299, 32 A.2d

227, 232 (1943). See and compare: *Boehm v. Barnes*, 63 Pa.Cmwlth. 87, 89–90, 437 A.2d 784, 785 (1981).

During the litigation that followed the condemnation of the coal lands, Frank Seltzer was represented by Wilbur Rubright, Esquire, and Atkin Seltzer was represented by John Thomas, Esquire. The Seltzers' claims against the Commonwealth were presented to a Board of View which assessed the damages to the fee interest in the real estate at $900,000.00. An appeal by the Commonwealth of Pennsylvania produced a total of three trials. The first trial resulted in a mistrial. The second trial occurred in Schuylkill County in October, 1970, when a jury returned an award of damages to the coal lands of $150,000.00. The trial court awarded a new trial which, upon appeal to the Commonwealth Court, was affirmed. It was only after this that Miernicki, the appellant herein, entered his appearance and became actively involved in the litigation at the request of Frank Seltzer. A change of venue was obtained to Chester County, where a third trial resulted in a verdict of $835,-064.96, plus damages for delay in payment. During that trial, Miernicki, Rubright and Thomas cooperated in presenting the joint eminent domain claims of Frank and Atkin Seltzer. Approximately one and one half months after the verdict had been returned, Miernicki commenced this action in equity. An agreement among the parties and their present and former attorneys made possible a partial distribution of the proceeds of the verdict, with the balance being placed in escrow to await the outcome of these proceedings.

The learned trial judge considered the history of the litigation and the relationship between the parties and their attorneys at great length and concluded that appellant had been employed solely by Frank Seltzer. He concluded that Frank Seltzer had neither actual nor apparent authority to bind Atkin Seltzer to pay a fee to appellant. The trial judge also found an absence of evidence that would have allowed appellant to recover counsel fees from Atkin Seltzer on grounds of ratification or estoppel. Atkin Seltzer, the

record discloses, had employed John Thomas, Esquire, to represent him, was satisfied with his services, and agreed to compensate him for his services. At no time did he agree to pay a fee to appellant, Miernicki, who was his brother's attorney. The trial court's findings are fully supported by the evidence. Indeed, even appellant concedes that on the first day of trial in Chester County, Atkin Seltzer asked him what he was doing there, to which he responded that Frank Seltzer had retained him.

Moreover, the record is clear that Atkin Seltzer had not ever received a copy of any written fee agreement between appellant and Frank Seltzer, and was not himself a party to any contingent fee arrangement, either oral or written, by which appellant was to receive a percentage of the amount recovered on account of Atkin Seltzer's interest in the real estate.

Appellant's contingent fee agreement was with Frank Seltzer. The existence of the agreement was admitted conclusively by Frank Seltzer's failure to file an answer to appellant's complaint. That agreement was to pay counsel fees based on ten percent of the amount recovered. The amount recovered, however, can reasonably refer only to the amount recovered by Frank Seltzer. The percentage agreed to by the parties cannot be applied to the amount recovered by the other tenant in common or to the total verdict representing damages to the jointly owned fee. Because there was an admitted contingent fee agreement, appellant's fees should have been determined in accordance therewith, and it was error to award fees on the basis of quantum meruit.

The decree in favor of Atkin Seltzer is affirmed. The decree awarding counsel fees against Frank Seltzer and in favor of Anthony Miernicki, Esquire, on the basis of quantum meruit is reversed, and the case is remanded for the entry of a decree awarding counsel fees to Miernicki in accordance with the foregoing opinion. Jurisdiction is not retained.