479 A.2d 483

**Anthony J. MIERNICKI, Esq., and Wilbur H. Rubright, Esq.,**

v.

**Frank SELTZER and Atkin Seltzer t/d/b/a Seltzer Coal Company and American Bank & Trust Co. of Pa. and Benjamin Stone, Vice-President of American Bank & Trust Co. of Pa., Appellees.**

**Appeal of Anthony J. MIERNICKI, Esq.**

Supreme Court of Pennsylvania.

Argued April 10, 1984.

Decided Aug. 8, 1984.

Jack E. Feinberg, David Kanner, Philadelphia, Nicholas Panko, co-counsel, for appellant.

Kent D. Watkins, St. Clair, for Rubright.

Joseph P. Semasek, McAdoo, for Frank Seltzer.

John T. Pfeiffer, III, Pottsville, John H. Thomas, Frackville, for Atkin Seltzer.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

### ORDER

PER CURIAM.

The Order of the Superior Court is affirmed.

HUTCHINSON, J., did not participate in the consideration or decision of this matter.

LARSEN, J., files a dissenting opinion in which PAPADAKOS, J., joins.

PAPADAKOS, J., joins in the opinion of LARSEN, J., and files a separate dissenting opinion.

LARSEN, Justice, dissenting.

I dissent to the affirmance of the Superior Court's decision.

The defendant/appellee, Frank Seltzer, did not file an answer to the complaint of plaintiff/appellant, Anthony Miernicki, seeking counsel fees allegedly owed him for services rendered. Because he did not file an answer, a default judgment was entered against appellee. The Superior Court correctly reasoned that:

> For purposes of determining the amount of appellant's counsel fees, the court was required to treat as admitted all averments of fact contained in the complaint. (Citations omitted.) Thus, it was a fact, admitted by Frank Seltzer, that appellant had been "retained upon a contingency basis of ten percent (10%) of *the total recovery*."

312 Pa.Super. 166, 170–171, 458 A.2d 566 at 568–69. (Emphasis added).

Nevertheless, the Superior Court held that appellant was entitled to only 10% of Frank Seltzer's *portion* of the *total* recovery. The total recovery was on behalf of both Frank Seltzer and his brother, Atkin Seltzer. The Superior Court's reasoning was that, since Frank Seltzer had no actual or apparent authority to bind Atkin to pay any portion of his (Atkin's) recovery to appellant for appellant's services, the ten percent agreed to "can reasonably refer only to the amount recovered by Frank Seltzer." 312 Pa.Superior Ct. at 175, 458 A.2d at 571.

In so reasoning, the Superior Court ignored the legal effect of Frank Seltzer's "admission" that he had agreed to pay appellant ten percent of the *total* recovery. While

Frank Seltzer was not able to legally obligate Atkin Seltzer to pay any percentage of *his* portion of the recovery to appellant, Frank Seltzer was certainly able to bind *himself* to pay appellant a fee *based upon* a percentage of the total recovery.

I would reverse the Superior Court and remand the case to the Court of Common Pleas of Schuylkill County for entry of a decree awarding counsel fees to appellant in accordance with this opinion.

PAPADAKOS, J., joins in this dissenting opinion.

PAPADAKOS, Justice, dissenting.

I join in the dissent of Mr. Justice Larsen and write separately to point out that Superior Court has based its conclusion upon a non-existent rule of law. That court held that because "contingent fees must be computed upon the amount of the actual recovery and not the amount of the verdict rendered," (citing *Diggs v. Taylor and Company, Inc.*, 329 Pa. 385, 198 A. 51 (1938); *Johnson v. Sears Roebuck and Company*, 291 Pa.Super. 625, 436 A.2d 675 (1981); *Topton National Bank v. Holland*, 190 Pa.Super. 501, 154 A.2d 252 (1959), appellant's fee had to be computed with reference to his client's, Frank Seltzer's, recovery and not by reference to the total award. (See Slip Opinion, p. 6).

Although the Superior Court has enunciated such a rule in *Topton* and *Johnson*, and cites the *Diggs* case as authority, there is no such rule laid down by our Court in *Diggs*. On the contrary, *Diggs* specifically provides that the recovery is limited by what *the parties intended* when the agreement was entered into.

In *Diggs*, the parties had agreed to a percentage fee conditioned upon an actual cash refund. The *Diggs* Court found that "obviously what the parties had in mind when the oral agreement was first reached was a fixed percentage of funds actually in hand paid to appellee, ..." Since no actual cash refund was ever received, the *Diggs* court

concluded that appellant's right against appellee, if he had any, "is merely for the fair value of his services..."

The *Diggs* Court compares its case with that of *Wooldridge v. Bradbury*, 185 Ky. 587, 215 S.W. 406 (1919). That Court dealt with the meaning of the word "recovery" and concluded that it meant the amount actually collected. Yet it quoted with approval 6 Corpus Juris, 745, "The percentage coming to the attorney is usually reckoned on the amount actually recovered, and not on the amount of the judgment rendered, unless the language of the contract is such as to justify such an interpretation." The Kentucky Court also recognized that the intention of the parties must control.

I read *Diggs* as announcing a rule that contingent fees are to be calculated with reference to what the parties intended when the agreement was entered into. I do not find therein the rule expressed by Superior Court. If this Court wishes to establish a new rule which tramples upon the rights of parties to contract freely with one another, then the majority should boldly say so and not perpetuate an error committed by the *Topton* Court.

Mr. Justice Larsen has correctly pointed out that Frank Seltzer admitted on record that appellant had been retained upon a contingency basis of ten percent (10%) of *the total recovery*. This, then, is clearly what the parties intended when the agreement was entered into. Whether Frank Seltzer made such an agreement because of a misconception that there still existed a partnership with his brother, Atkin Seltzer, which would obligate Atkin to share in appellant's fee is irrelevant. Frank Seltzer is estopped to deny or alter his admissions by reason of the default judgment entered against him. A correct reading of *Diggs* demands that appellant prevail. I believe that all of the other issues raised by the parties are totally irrelevant to the proper disposition of this case.

I too would reverse Superior Court and remand the case to the Court of Common Pleas of Schuylkill County for entry of a decree awarding counsel fees to appellant.