520 A.2d 1206

**Stanley DARLARK and Doris Darlark, his wife**

v.

**HENRY S. LEHR, INC. and Harleysville Insurance Co.**

**Appeal of HENRY S. LEHR, INC.**

Superior Court of Pennsylvania.

Argued Oct. 30, 1986.

Filed Feb. 13, 1987.

Joseph J. Heston, Wilkes-Barre, for appellant.

Frank T. Blasi, Scranton, for appellees.

Before CIRILLO, President Judge, and ROWLEY and BECK, JJ.

BECK, Judge:

This is an appeal from the lower court's order denying appellant's petition to vacate a default judgment that had been entered for failure to file an answer or enter an appearance in a declaratory judgment action. Appellant Henry S. Lehr, Inc. ("Lehr") contends that the lower court erred in denying its petition to vacate because it offered (1) a satisfactory explanation for its failure to answer the complaint, and (2) a meritorious defense to the action. For the reasons that follow, we quash the appeal.

Appellees, the owners of the Dori-Tan Motor Inn Bar and Lounge, were sued by a third party in a personal injury action. Appellees sought a defense through Lehr, the insurance agent, and Harleysville Insurance Company ("Harleysville"), which wrote the insurance covering appellees' lounge. Harleysville notified appellees that they would not provide a defense because their policy did not cover the alleged incident. On September 16, 1985, appellees filed a complaint against Harleysville and Lehr seeking a declaratory judgment to determine Harleysville's and Lehr's duties with respect to the defense of the tort action against appellees. Lehr failed to answer the complaint. On December 5, 1985, appellees sent Lehr notice of their intent to enter a default judgment, and on January 8, 1986, a default judgment was entered by the prothonotary against Lehr. On January 28, 1986, Lehr filed a petition to vacate the

default judgment, which the lower court denied.[1] This appeal followed.

The rules that now govern practice and procedure in declaratory judgment actions are the rules for actions in equity. Pa.R.C.P. 1601(a). Prior to the enactment of the present Declaratory Judgments Act, 42 Pa.Cons.Stat.Ann. §§ 7531–41 (1982), declaratory judgments in Pennsylvania were governed by the Uniform Declaratory Judgments Act, 12 P.S. §§ 831–46 (1923) (repealed 1978), and the specific procedures were governed by a supplemental procedure Act, 12 P.S. §§ 847–53 (1935) (repealed 1978). In construing these Acts, our courts had held that certain kinds of summary disposition, including summary judgment or judgment on the pleadings, could not be had in declaratory judgment actions because the Acts themselves made no provision therefor. *Greenberg v. Blumberg*, 416 Pa. 226, 206 A.2d 16 (1965); *Laspino v. Rizzo*, 40 Pa.Commw. 625, 398 A.2d 1069 (1979).

Under the supplemental procedural Act it was not clear whether default judgment was available. Although the Act did not provide specifically for the entry of a default judgment, it provided that in any declaratory judgment action where the defendant failed to answer, the court had discretion either to enter the declaratory judgment or decree, dismiss the petition or enter other appropriate order. 12 P.S. § 849.

■ Under the present Declaratory Judgments Act, however, equity governs the procedure. Pa.R.C.P. 1601(a); *Pennsylvania Public Utility Commission Bar Association v. Thornburgh*, 62 Pa.Commw. 88, 434 A.2d 1327 (1981), *aff'd per curiam*, 498 Pa. 589, 450 A.2d 613 (1982). Because the equity rules apply to declaratory judgment actions, the Commonwealth Court has concluded, for example, that summary judgment can now be had in such an action. *Id.* Applying the same reasoning, we conclude that

---

**1.** Harleysville filed an answer to the complaint. Its legal rights are not adjudicated by this appeal and Harleysville is not a party to this appeal.

a default judgment is also available in a declaratory judgment action.

The rule pertaining to a default judgment in an equity (or declaratory judgment) action is Rule 1511 of the Pennsylvania Rules of Civil Procedure. *See Miernicki v. Seltzer,* 312 Pa.Super. 166, 170, 458 A.2d 566, 568 (1983), *aff'd* 505 Pa. 323, 479 A.2d 483 (1984). Rule 1511 provides in relevant part:

> (a) The prothonotary, on praecipe of the plaintiff shall enter a judgment by default against the defendant for failure to plead within the required time to a complaint which contains a notice to defend. In all other cases of default or of admission the judgment shall be entered by the court.
>
>      \*      \*      \*      \*      \*      \*
>
> (b) In all cases, the court shall enter an appropriate final decree upon the judgment of default or admission and may take testimony to assist in its adjudication and in framing the decree.

Pa.R.Civ.P. 1511(a), (b). Thus, the rule requires that after the prothonotary enters a default judgment, the court must enter an appropriate final decree. *See e.g., Texas & Block House Fish & Game Club v. Bonnell Run Hunting & Fishing Corp.,* 388 Pa. 198, 199–200, 130 A.2d 508, 509 (1957) (after entry of default judgment by prothonotary for failure to answer complaint, lower court entered final decree and defendant then petitioned to open judgment); *Alderfer v. Pendergraft,* 302 Pa.Super. 210, 213, 448 A.2d 601, 603 (1982) (plaintiff caused default judgment to be entered against defendant for failure to answer complaint and then petitioned trial court to enter final decree); *Commonwealth, Dept. of Envtl. Resources v. Allias,* 20 Pa.Commw. 222, 224, 341 A.2d 226, 227 (1975) (after defendant failed to answer complaint, plaintiff filed praecipe for entry of default judgment and subsequently requested court to enter appropriate final decree).

■ The matter sub judice gives rise to a question of first impression: whether a petition to open or an appeal is

proper where the prothonotary has entered a default judgment pursuant to Rule 1511, and the court has not yet entered a final decree. "Final orders are those which make a final determination of the rights of the parties relating to the subject matter of the action, leaving nothing further to be done...." *Sims v. Feingold,* 329 Pa.Super. 437, 438, 478 A.2d 868, 869 (1984) (quoting *Navarro v. Ohio Cas. Ins. Co.,* 295 Pa.Super. 151, 154, 441 A.2d 394, 395 (1982)). Rule 1511 is drafted as a two-part rule and the second part of the rule is written in mandatory terms. *See* Pa.R.C.P. 1511(b). Thus, entry of a default judgment by the prothonotary is not final because the rule requires further action by the court. We hold that a default judgment in equity cases is not final until the court enters a final decree.[2]

■ Here, appellant filed its petition to open the default judgment before the court entered a final decree. Thus, the petition was premature and the appeal from the trial court's order refusing to open the judgment is improper.[3] *Cf. Sims. v. Feingold, supra* (where default judgment entered for liability only, reserving question of damages, judgment is interlocutory and not appealable). We note that once a final decree is entered, the judgment will be subject to a petition to open or a direct appeal to this Court.

For the above-stated reasons, we quash the appeal.

Appeal quashed.

**2.** We note that in this case, the trial court may refuse to enter the final decree until the entire case is resolved. One commentator has noted that in a situation where a default judgment has been entered in an equity action against only some of the defendants and the remaining defendants have filed answers denying the averments of the complaint, the court will usually defer entry of the definitive decree until final judgment can be entered as to all defendants. *Goodrich-Amram 2d* § 1511(b):1 (citing *Hall v. Hall,* 73 Pittsb.Leg.J. 909 (1925); Former Equity Rule 51). Since in this case Harleysville filed an answer, the final decree on the default judgment against appellant may await the disposition of the case as to Harleysville.

**3.** Even though Rule 311 of the Pennsylvania Rules of Appellate Procedure provides an appeal as of right from an order refusing to open, vacate or strike off a judgment, this appeal is improper because the trial court's ruling on the petition to vacate was improper as premature, having been made before the entry of a final decree.